J-A05045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A. S/I/I/T WACHOVIA BANK, N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUDITH A. DEVICARIS, | |
| Appellant | No. 2072 EDA 2014 |

Appeal from the Order Entered June 18, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2012-03940

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, S/I/I/T TO WACHOVIA BANK, N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUDITH A. DEVICARIS, | |
| Appellant | No. 2281 EDA 2014 |

Appeal from the Order Entered July 18, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2011-03862

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 31, 2015**

Judith A. DeVicaris ("Appellant") appeals from two orders entering

summary judgment in favor of Wells Fargo Bank, N.A. s/i/i/t Wachovia Bank,

N.A. ("Wells Fargo") in these consolidated mortgage foreclosure actions filed in Bucks County, Pennsylvania. We affirm.

On December 15, 2004, Appellant's husband, Louis DeVicaris ("Louis"), secured a loan from Wells Fargo's predecessor, Wachovia Bank, in the amount of $166,715.00 for the operation of Adventureland Day Camp ("Adventureland"), of which Louis was the sole shareholder. As security for the loan, Louis and Appellant executed a mortgage ("First Mortgage") upon their personal residence at 97 Fieldstone Road, Levittown, PA 19056 ("the Property"), which they held as tenants by the entireties. About nine months later, Wachovia Bank extended a Business Equity Line of Credit in the amount of $175,000.00 to Adventureland. As security for payment of the line of credit, Louis and Appellant executed an Open End Mortgage upon the Property ("Open End Mortgage"). Louis and Adventureland defaulted on payments under both mortgages. Louis passed away on February 23, 2010, leaving title to the Property vested solely in Appellant. On March 20, 2010, Wells Fargo became the successor in interest to Wachovia Bank.

Wells Fargo filed a foreclosure action on the First Mortgage on April 28, 2011, at Docket No. 2011-03862 ("First Mortgage Action"), and a foreclosure action on the Open End Mortgage on April 27, 2012, at Docket No. 2012-03940 ("Open End Mortgage Action"). Appellant filed answers and new matters in both actions, raising two defenses: Wells Fargo failed to aver that it was the current owner of the two mortgages, and Appellant

- 2 -

received no consideration for executing the mortgages. In response to the second action, Appellant also filed a counterclaim, alleging that Wells Fargo breached duties of fair dealing and good faith in extending the loan and line of credit to Louis and Adventureland, respectively, when it "knew or should have known" that: (1) the loan and line of credit were unlikely to be repaid because Adventureland operated at a loss; (2) the total amounts owed on the loan and line of credit were significantly more than the value of the Property; and (3) Appellant was in her late seventies with no means of repaying the loan and line of credit. Counterclaim, 5/30/12, at ¶¶ 7-9, 12.

Wells Fargo filed preliminary objections to the counterclaim on June 18, 2012, which the trial court sustained on August 30, 2012, dismissing the counterclaim. Wells Fargo then filed a motion for summary judgment in the First Mortgage Action on September 12, 2013. In response to a request by Appellant on October 4, 2013, the trial court consolidated the two actions on December 6, 2013, with all subsequent pleadings to be filed under the First Mortgage Action. Wells Fargo filed a motion for summary judgment in the Open End Mortgage Action on April 28, 2014, alleging there were no genuine issues of material fact because Appellant admitted that the line of credit and Open End Mortgage were in default. In her response, Appellant again raised issues of standing, lack of consideration, and breaches of fiduciary duty and duty of good faith.

The trial court entered summary judgment in favor of Wells Fargo on June 18, 2014, in the Open End Mortgage Action. In response, Appellant filed a motion entitled "Motion for Arrest and Vacation of Order Granting Motion for Summary Judgment in 2012-03940 only." Therein, Appellant asserted that the trial court did not rule on Wells Fargo's motion for summary judgment in the First Mortgage Action, which was filed before consolidation of the two actions. The trial court realized that, due to a filing error, it had not received the motion for summary judgment in the First Mortgage Action. Upon investigation and review of the outstanding motion, the trial court entered summary judgment in favor of Wells Fargo on July 18, 2014, in the First Mortgage Action. Appellant timely appealed from both orders. The trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our consideration:

1.  Should summary judgment be reversed where the Court ordering such relief relied on (a) facts not of record and inferences drawn from such facts and (b) inferences from the pleadings of record which were favorable to the movant for judgment rather than drawing appropriate inferences favorable to the opposing party?

2.  Where a bank lending money to a corporation and its owner, which loans it knew or would have known on proper investigation could not and would not be repaid by the borrowers, required as security for such loans mortgages on a residence owned by the owner of the corporation and his wife, did its requirement of such mortgages and its failure to advise the wife of the likelihood of foreclosure constitute such breach of fiduciary duty and duty of good faith to preclude foreclosure of the mortgages on the wife, now the residence's sole owner?

3. Does the failure of the mortgagee bank now seeking foreclosure to offer the proof demanded of it by the mortgagor that it now holds the mortgages, i.e. has not assigned them, preclude it from obtaining judgments of foreclosure?

Appellant's Brief at 5.

Our standard of review is well settled:

We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Bank of America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014) (some internal citations omitted).

Appellant seeks reversal of the orders granting summary judgment because the trial court relied on facts not of record to support inferences that were favorable to Wells Fargo and not to Appellant, the non-moving party. Appellant's Brief at 18. Specifically, Appellant challenges: (a) the trial court's reliance on the fact not of record that Appellant took full ownership of the corporation upon Louis' death to support an inference that

Appellant benefitted from the loan and line of credit, and (b) the trial court's reliance on the fact not of record that she was employed by Adventureland as its treasurer to support an inference that Appellant signed, executed, and delivered the mortgages with full knowledge. *Id.* at 20–21. According to Appellant, the trial court should have drawn inferences favorable to her, *i.e.*, she did not know that Louis and Adventureland would not be able to repay the loan and line of credit and that executing the mortgages would ultimately deprive her of her home. *Id.* at 22. In response to Appellant's argument, Wells Fargo acknowledges that the trial court relied on facts not of record, but claims the error does not warrant reversal of the orders granting summary judgment. Wells Fargo's Brief at 16–17.

The trial court's reference to unsupported facts arose in response to Appellant's argument that the loan and line of credit lacked consideration:

> [Appellant] next argues that because the loans were made to Louis DeVicaris for financing Adventureland (Docket No. 2011-03862) or to the corporation itself (Docket No. 2012-03940), there is a failure of consideration to [Appellant].
>
> It is clear that the consideration for both mortgages in this case was the loan to Louis DeVicaris in the amount of $166,715.00 and a Business Equity Line of Credit in the amount of $175,000.00. [Appellant] believes that because she did not derive any "personal benefit" from these loans she cannot be held to their terms. We disagree.
>
> [Appellant] was married to Louis DeVicaris and although she was not a shareholder of Adventureland, she certainly had an interest in its success and profitability. **Indeed, [Appellant] was employed by Adventureland as its Treasurer. Upon the death of Louis DeVicaris, [Appellant] took full ownership of the corporation.** Moreover, [Appellant] signed,

- 6 -

executed, and delivered the mortgage to Wachovia Bank with the full knowledge of its purpose, as well as the consequences if [Appellant] defaulted on the mortgages – i.e. it was collateral and security for the loans provided to Louis DeVicaris and Adventureland. There is absolutely no evidence of duress, coercion, or any other indication that the negotiations or transactions did not take [sic] occur at arms-length.

Further, even if there was no personal benefit to [Appellant], the element of a benefit to the promisor is not necessary to the sufficiency of the consideration. A benefit to a third party, in this case, Louis DeVicaris and Adventureland, is sufficient consideration for a promise. Restatement (2nd) of Contracts, §71, Comment e (1981) (*Consideration moving from or to a third person*[*)*]. It matters not from whom the consideration moves or to whom it goes. If it is bargained for and given in exchange for the promise, the promise is not gratuitous). Section 71 of the Restatement (2nd) of Contracts has been implicitly adopted by our courts and has been cited with approval. See e.g. Vitow v. Robinson, 823 A[.]2d 973, 977 (Pa. Super. 2003); Eighth North-Val, Inc. v. William L. Parkinson, D.D.S., P.C., 773 A.2d 1248, 1253 (Pa. Super. 2000).

Also, under Section 79 of the Restatement (2nd) of Contracts, "if the requirement of consideration is met, there is no additional requirement of a) a gain, advantage or benefit to the promisor or loss, disadvantage or detriment to the promisor; or b) equivalence in the values exchanged; or c) mutuality of obligation." Id.; see also Greene v. Oliver Realty, Inc., 526 A.2d 1192, 1195-97 (Pa. Super. 1987).

It is clear that [Appellant] received precisely what she and her husband bargained for. [Wells Fargo] benefitted from [Appellant's] mortgaging of her home, and these mortgages benefitted [Appellant] by enabling her husband to finance Adventureland, in which she had a direct interest. It is of no moment that the deal ended badly for [Appellant] and Adventureland. It is not this court's duty to pass judgment upon the value of the consideration, or the likelihood of success of a contract entered without duress or bad faith on behalf of one of the parties.

Trial Court Opinion, 7/25/14, at 13–14 (bold emphasis supplied).

Upon review, we conclude that the trial court's reference to unsupported facts was not dispositive of the consideration issue. Regardless of Appellant's ownership and employment status with Adventureland, the record supports an inference that Appellant derived a benefit from the success of her late husband's business venture. As the trial court opined:

> [T]here is no dispute that [Appellant] and her late husband, Louis DeVicaris, signed and executed both mortgages. . . . It is also undisputed that [Appellant] failed to make payments upon the Business Equity Line of Credit or either of the mortgages at issue in this case. By the plain language of the terms and conditions of the mortgages and Line of Credit, [Appellant] is in default. See Business Equit Line of Credit Agreement, p. 4; see also Mortgage, dated Sept. 16, 2005; Mortgage, dated Dec. 15, 2004.
>
> [Appellant] does not challenge that she is in default, nor does she challenge the amount due and owing upon the mortgages and Line of Credit.

Trial Court Opinion, 7/25/14, at 9–10.

Our review of the record confirms that summary judgment in the First Mortgage Action was based on Appellant's admission that she executed the First Mortgage and defaulted on the loan. Answer and New Matter, 9/14/11, at ¶¶ 2–7.[1] Similarly, the record confirms that summary judgment in the

---

[1] Appellant did not include in her Answer a response to Wells Fargo's averment of default: "The mortgage is in default because monthly payments of principal and interest upon said mortgage due October 13, 2010 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon default in such payments for a period of one month, the entire principal balance and all interest due thereon are collectible forthwith." Complaint, 4/28/11, at ¶ 6. As the trial court observed,
*(Footnote Continued Next Page)*

Open End Mortgage Action was based on Appellant's admission that she executed the Open End Mortgage and did not make payments on the line of credit. Answer, New Matter, and Counterclaim, 5/30/12, at ¶¶ 4, 6. Contrarily, the inferences Appellant proffers are not supported by the record. Because there were no genuine issues of material fact regarding the defaults and the amounts due and owing upon the mortgages, the trial court's reference to unsupported facts did not undermine its disposition of Wells Fargo's motions for summary judgment. Thus, we conclude that Appellant's first issue lacks merit.

Next, Appellant contends that the trial court erred in granting summary judgment because Wachovia Bank breached a fiduciary duty and a duty of good faith. According to Appellant, her argument presents a case of first impression. Appellant's Brief at 23. In response, Wells Fargo contends that, under established Pennsylvania law, a mortgagee is not a fiduciary to Appellant and, therefore, Wachovia Bank did not breach any duties. Wells Fargo's Brief at 19.

The trial court disposed of Appellant's argument as follows:

Specifically, [Appellant] contends that [Wachovia] knew or should have known from a review of the perilous financial situation of Adventureland that the loans were not likely to be repaid. She further avers that since [Wachovia] had a "superior

_(Footnote Continued)_ ——————————

Appellant's "failure to admit or deny this averment is . . . an admission that the mortgage is in default." Trial Court Opinion, 7/25/14, at 2 (citing Pa.R.C.P. 1029(b)).

and objective" ability to analyze Adventureland's financial situation, it therefore had a fiduciary obligation and duty of good faith to [Appellant] to at least warn her of the likelihood of mortgage default and "possibly a duty not to solicit or accept her execution of a mortgage on her home." See Response to Motion for Summary Judgment, May 14, 2014, Wells Fargo Bank, N.A. v. DeVicaris, BCCCP Docket No. 2011-03862.

Under Pennsylvania law, a commercial lender is ordinarily not a fiduciary of the borrower. Federal Land Bank of Baltimore v. Fetner, 410 A.2d 344, 348 (Pa. Super. 1979); Buczek v. First National Bank, 531 A.2d 1122, 1124 (Pa. Super. 1987). "This principle stems from the presumption that the relationship between lenders and borrowers is conducted at arms-length and the parties are each acting in their own interest." Temp-Way Corp. v. Continental Bank, 139 B.R. 299, 317 (E.D. Pa. 1992) (citing Frowen v. Blank, 425 A.2d 412, 416 (Pa. 1981)[)].

This presumption can be rebutted, however, if the borrow[er] can show that the lender gained substantial control over the borrower's business affairs. [Temp-Way, 139 B.R.] at 318. "Control over the borrower is demonstrated when there is evidence that the lender was involved in the actual day-to-day management and operations of the borrower or that . . . the lender had the ability to compel the borrower to engage in unusual transactions." Bohm v. Commerce Union Bank of Tennessee, 794 F.Supp. 158, 164 (W.D. Pa. 1992). "The mere monitoring of the borrower's operations and the proffering of management advice by lenders, without more, does not constitute control." Temp-Way Corp, 139 B.R. at 318. "Moreover, action taken by the creditor to minimize the risk does not constitute total and absolute control." James E. McFadden, Inc. v. Baltimore Contractors, Inc., 609 F.Supp. 1102, 1105 (E.D.Pa. 1985).

In the case *sub judice*, there is no evidence that [Wachovia] was involved in the actual day-to-day management of the finances of either [sic] Adventureland, Louis DeVicaris, or [Appellant]. In support of her argument, [Appellant] contends that [Wachovia] had "objective" and "superior" knowledge of the finances of Adventureland. There is no evidence of this of record, and even assuming [Wachovia] did have "superior" or "objective" knowledge of the finances of Adventureland and

- 10 -

[Appellant], this *per se* is not sufficient to establish a fiduciary relationship. See Bohm, 794 F.Supp. at 164.

Further, merely monitoring the finances of Adventureland or [Appellant] is insufficient to constitute control and therefore does not establish a fiduciary relationship between [Wachovia] and [Appellant]. [Wachovia] requested, and [Appellant] acquiesced to the execution of mortgages to secure various loans made to Louis DeVicaris and Adventureland. The purpose of such a transaction was to minimize [Wachovia's] risk in its financial dealings with [Appellant]. As previously stated, this does not constitute control to sufficiently establish any fiduciary duty to [Appellant]. See id. at 1105.

* * *

Regarding [Appellant's] claim of a breach of a duty of good faith, our Supreme Court has refused to impose a duty of good faith which would modify or defeat the legal rights of a creditor. Heights v. Citizens National Bank, 342 A.2d 738, 742 (Pa. 1975). Further,

> a lending institution does not violate a separate duty of good faith by adhering to its agreement with the borrower or by enforcing its legal and contractual right as a creditor. The duty of good faith imposed upon contracting parties does not compel a lender to surrender rights which it has been given by statute or by the terms of its contract. Similarly, it cannot be said that a lender has violated a duty of good faith merely because it has negotiated terms of a loan which are favorable to itself.

Creeger Brick and Bldg. Supply Inc. v. Mid-State Bank and Trust Co., 560 A.2d 151, 154 (Pa. Super. 1989).

[Appellant] argues that the holding in Creeger is inapplicable to the facts of this case. Specifically, she argues that the relationship here is similar to that of a franchisor/franchisee or insurer/insured, rather than that of a lender borrower. In those relationships, the courts have recognized a separate duty of good faith. See Creeger, 560 A.2d at 153-[1]54.

- 11 -

Despite [Appellant's] contention, the facts of <u>Creeger</u> are almost identical to the facts of this case. In <u>Creeger</u>, Creeger Brick and Building Supply Inc., a closely held corporation, purchased a refractory plant with the intention of rehabilitating the facility and reopening it as a brick manufacturing plant. The financing for this project was provided in part by obtaining a loan from Mid-State Bank and Trust Company in the amount of $250,000.00. This loan was secured by a mortgage upon the plant itself and upon three (3) residential properties owned by Donald Creeger, the president and sole shareholder of the company, and his wife, Marjorie Creeger. See <u>id.</u> at 152.

The plant project thereafter suffered financial collapse for a variety of reasons unimportant to our analysis. Upon this collapse, Creeger Brick and Building Supply, Inc. as well as Donald Creeger and his wife, Marjorie Creeger, who executed the mortgages upon their residential properties to secure the loan, filed suit against Mid-State Bank alleging that although the Bank did not breach any specific provision of the loan agreement, they nevertheless failed to deal with the borrowers in good faith. See <u>id.</u> at 153.

Upon these set of facts, the Court in <u>Creeger</u> held that the borrowers failed to state a legally enforceable cause of action against Mid-State Bank for failing to deal with them in good faith as such a duty is not recognized in a borrower-lender setting. See <u>id.</u> at 153-[1]55.

The facts of this case are almost identical. [Wachovia] provided loans in the form of a Business Equity Line of Credit for the purpose of financing Adventureland, a closely held corporation. As in <u>Creeger</u>, [Appellant], along with her late husband, Louis DeVicaris, mortgaged their home as security for the financing. Adventureland suffered economically and [Appellant] and Louis DeVicaris were unable to repay the loans.

Although the borrowers in <u>Creeger</u> were the plaintiffs, the facts relied upon by the <u>Creeger</u> Court in its analysis remain the same. Under the same factual scenario, the <u>Creeger</u> Court held that there was no separate duty of good faith. Thus, we adhere to the holding of <u>Creeger</u> and find that [Appellant] has failed to state a legally enforceable cause of action against [Wells Fargo as successor in interest] based upon a breach of a duty of good faith.

Trial Court Opinion, 7/25/15, at 14–17.

Upon review of the record in the light most favorable to Appellant as the nonmoving party, we discern no abuse of the trial court's discretion. The record supports the trial court's findings. The relationship between Wachovia Bank and Appellant was arms-length. Moreover, we do not consider this a case of first impression, as Wachovia Bank and Appellant engaged in a standard mortgage transaction. Appellant presented no evidence that Wachovia Bank gained substantial control over the business affairs of Louis DeVicaris and Adventureland by being involved in the actual day-to-day management and operations of Adventureland. Similarly, Appellant presented no evidence that Wachovia Bank had the ability to compel Louis DeVicaris, Adventureland, or Appellant to engage in unusual transactions. Thus, Wachovia Bank was not in a fiduciary relationship with Appellant and, as such, did not owe her any specialized duty. Moreover, contrary to Appellant's assertions, we agree with the trial court that this case is factually similar to, and therefore controlled by, **_Creeger_**. Appellant's attempt to reframe this generic mortgage transaction in a franchise or insurance context is unavailing. Hence, we conclude there is no genuine issue of fact regarding the nature of Wachovia Bank's and, as successor, Wells Fargo's relationship to Appellant. In reaching this conclusion, we adopt as our own the well-reasoned analysis of the trial court set forth above.

Appellant's final question challenges Wells Fargo's standing to obtain judgment on the mortgages. According to Appellant, Wells Fargo failed to provide proof through requested discovery that it owned the mortgages at issue in both foreclosure actions. Appellant's Brief at 34. In response, Wells Fargo insists that it pleaded sufficient facts and provided sufficient documentary evidence of its merger with Wachovia Bank to establish its status as current holder of the mortgages and its standing to foreclose on the mortgages. Wells Fargo's Brief at 13.

The trial court disposed of Appellant's standing challenge as follows:

> In the Complaint filed at Docket No. 2011-03862, [Wells Fargo] asserted that it was the "successor-in-interest-to" Wachovia Bank, N.A. The mortgage, recorded in the Bucks County Office of the Recorder of Deeds at Mortgage Book 4311, Page 1061, clearly indicates that Louis DeVicaris and [Appellant] made, executed and delivered a mortgage upon the premises at 97 Fieldstone Road, Levittown, PA to Wachovia Bank, N.A. on December 15, 2004.
>
> Clearly, Wachovia Bank, N.A. was the owner and legal holder of the mortgage at the time it was executed by [Appellant]. Upon the merger, [Wells Fargo], took ownership and control of Wachovia Bank, N.A.'s assets, including the mortgage at issue here. Complaint, April 28, 2011, Wells Fargo Bank, N.A. v. DiVicaris, BCCCP Docket No. 2011-03862.
>
> In response to [Appellant's] Preliminary Objections to the Complaint filed at Docket No. 2011-03862, [Wells Fargo] attached a letter from the United States Comptroller of Currency evidencing the merger of Wachovia Bank, N.A. into [Wells Fargo]. See Exhibit A, Response to Preliminary Objections, May 27, 2011, Wells Fargo Bank[,N.A.] v. DiVicaris, BCCCP Docket No. 2011-03862.
>
> Further, after [Appellant] averred in her New Matter that [Wells Fargo] did not offer proof that it is the current owner of

- 14 -

the mortgage, [Wells Fargo] replied that it "is the current holder and legal owner of the subject Mortgage by virtue of a merger in which Wells Fargo Bank, NA acquired Wachovia Bank, NA." [Wells Fargo] again filed documentation of the merger with its Reply. See Exhibit A, Reply to New Matter, October 24, 2011, Wells Fargo Bank[,N.A.] v. DiVicaris, BCCCP Docket No. 2011-03862.

In its motion for Summary Judgment, [Wells Fargo] again asserted that "[o]n March 20, 2010, Wachovia Bank, National Association merged into Wells Fargo Bank, N.A." [Wells Fargo] also stated that it is "the current holder of the Mortgage by succession and is in possession of the Note with the right to enforce it." See Motion for Summary Judgment, Sept. 12, 2013, Wells Fargo Bank, N.A. v. DiVicaris, BCCCP Docket No. 2011-03862[.]

In the Complaint filed at Docket No. 2012-03940, [Wells Fargo] stated the following: "Wells Fargo Bank, N.A. . . . is a national banking association . . . and as successor by merger to Wachovia Bank, stands its stead (sic)." Complaint, April 27, 2012, Wells Fargo Bank, N.A. v. DiVicaris, BCCCP Docket No. 2012-03940.

In its Motion for Summary Judgment as to the action originally filed at Docket No. 2012-03940, [Wells Fargo] asserted that it is the "original payee of the Business Line of Credit or the Business Line of Credit has been duly indorsed." Motion for Summary Judgment, April 28, 2014, Wells Fargo Bank, N.A. v. DeVicaris, BCCCP Docket No. [2012-03940].

Every pleading indicates that Plaintiff, Wells Fargo Bank, N.A., is the successor in interest to Wachovia Bank, N.A., the original mortgagee, as a result of the merger of these two banks. [Wellso Fargo] provided documentation of this merger as exhibits to its pleadings. See supra.

The effect of a merger of two or more corporations with regard to property rights is clearly enunciated in Title 15, Section 1929(b) [of the Pennsylvania Consolidated Statutes]:

(b) Property rights.--All the property, real, personal, and mixed, and franchises of each of the corporations parties to the merger or consolidation, and all debts due on

whatever account to any of them, including subscriptions for shares and other choses in action belonging to any of them, shall be deemed to be vested in and shall belong to the surviving or new corporation, as the case may be, without further action, and the title to any real estate, or any interest therein, vested in any of the corporations shall not revert or be in any way impaired by reason of the merger or consolidation. . . .

15 Pa.C.S. §1929(b). Further, a "successor in interest" is an entity "who follows another in ownership or control of property" and "retains the same rights as the original owner, with no change in substance." Black's Law Dictionary, 3d Pocket Edition (1996).

Clearly, when corporations merge, the surviving/acquiring corporation, as [Wells Fargo] is here, succeeds to both the rights and liabilities of the constituent corporation. See LTV Steel Co. v. W.C.A.B. (Mozena), 754 A.2d 666, 677 (Pa. 2000).

It is clear that when Wachovia Bank, N.A. merged with [Wells Fargo], [Wells Fargo] obtained the assets of Wachovia Bank, N.A., which included the mortgages executed by [Appellant] as well as the Line of Credit. See Mozena, supra.

[Appellant] cites Wells Fargo Bank v. Lupori, 8 A.3d 919 (Pa. Super. 2010) for the proposition that [Wells Fargo] must prove that it has not previously assigned the mortgage in order to demonstrate that it is the current owner of the mortgage.

[Appellant] misstates the holding in Lupori. The Lupori Court only held that a mortgagee must identify itself as the owner of the mortgage upon which it seeks foreclosure; it does not state or hold that in every case a mortgagee must demonstrate that it did not assign the mortgage. Id. at 921–22. Further, this court is unaware of any "evidence of absence" requirement that a plaintiff must plead or otherwise demonstrate that there has been no assignment of a mortgage upon which it seeks foreclosure. Indeed, proving that the mortgages at issue were not assigned would be a fruitless exercise as there would be no evidence of an event or transaction that did not occur. The lack of an assignment of the mortgage is implicit in [Wells Fargo's] assertion that it is the current owner of the mortgage.

This court is, however, cognizant of the affirmative requirement that, if a plaintiff is an assignee of a mortgage, it must plead as much in its Complaint. See U.S. Bank, N.A. v. Mallory, 982 A.2d 986 (Pa. Super. 2009). This is not the case here. [Wells Fargo] is not an assignee of the mortgages in question, nor have they indicated that there has been any assignment of the mortgages or Line of Credit by either [Wells Fargo] or Wachovia Bank, N.A. There is also no evidence of any assignments. Thus, Mallory is inapplicable in this case.

[Wells Fargo] asserted and demonstrated that it is the current holder of the mortgages in question as successor in interest to the original mortgagee, Wachovia Bank, N.A. [Appellant] has not proffered any evidence to dispute this fact. Thus, there is no genuine issue of material fact as to [Wells Fargo's] standing to bring [these] foreclosure action[s].

Trial Court Opinion, 7/25/14, at 10–13.

Upon review of the record in the light most favorable to Appellant as the nonmoving party, we discern no abuse of the trial court's discretion. The record supports the trial court's finding that Wells Fargo currently holds the subject mortgages. Wells Fargo's complaint sufficiently put Appellant on notice of Wells Fargo's claim of interest with regard to the mortgages. Moreover, Wells Fargo's documentary evidence sufficiently established its ownership of the mortgages as successor in interest to Wachovia Bank. Appellant's attempt to defeat Wells Fargo's standing lacks support in the record and in Pennsylvania's law of corporate merger. Thus, we conclude there is no genuine issue of fact regarding Wells Fargo's standing to file the underlying foreclosure actions. In reaching this conclusion, we adopt as our own the well-reasoned analysis of the trial court set forth above.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015