**WELLS FARGO BANK, N.A., as Trustee for the MLMI Trust Series 2005–FF6, Appellee**

**v.**

**Eric M. LUPORI and Stacy R. Lupori, Appellants.**

Superior Court of Pennsylvania.

Argued May 19, 2010.

Filed Nov. 12, 2010.

**920**

Eileen D. Yacknin, Pittsburgh, for appellant.

Keri P. Claeys, Pittsburgh, for appellee.

BEFORE: DONOHUE, OLSON and FITZGERALD *, JJ.

OPINION BY DONOHUE, J.:

Appellants, Eric M. and Stacy R. Lupori ("the Luporis"), appeal from the August 7, 2009 order denying their petition to set aside a sheriff's sale and strike a default judgment in this mortgage foreclosure action initiated by Appellee, Wells Fargo Bank, N.A., as trustee for MLMI Trust Series 2005 FF6 ("Wells Fargo"). We reverse.

* Former Justice specially assigned to the Supe-

Wells Fargo filed its complaint in foreclosure on April 5, 2007, and the prothonotary entered a default judgment against the Luporis on June 26, 2007. Wells Fargo filed a writ of execution on July 5, 2007, and the mortgaged property subsequently was sold at a sheriff's sale. A sheriff's deed conveying the mortgaged property to Wells Fargo was executed on July 16, 2008 and recorded on July 18, 2008. The Luporis filed the petition giving rise to this appeal on March 10, 2009. The trial court denied the Luporis' petition on August 7, 2009. This timely appeal followed.

The Luporis' appellate brief asserts ten allegations of error, but we will confine our analysis to a single dispositive issue:

> Whether the lower court erred as a matter of law in denying the motion to set aside sale and strike the default judgment because the record of the case on the date of judgment lacked any evidence whatsoever to establish that Wells Fargo was a real party in interest and possessed standing to prosecute the foreclosure action against the Luporis?

The Luporis' Brief, at 3.

 We review the trial court's denial of the Luporis' petition to strike the default judgment according to the following:

> With regard to a motion to strike a default judgment, [a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.

rior Court.

*Aquilino v. Phila. Catholic Archdiocese,* 884 A.2d 1269, 1280 (Pa.Super.2005). "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." *U.S. Bank, N.A. v. Mallory,* 982 A.2d 986, 991 (Pa.Super.2009) (quoting *Cintas Corp. v. Lee's Cleaning Servs.,* 549 Pa. 84, 89–90, 700 A.2d 915, 917 (1997)). "Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void." *Id.*

■ In *Mallory,* the bank stated in its complaint in foreclosure that "it was the legal owner of the mortgage and was in the process of formalizing the assignment thereof." *Id.* at 989. It also incorporated the mortgage of record and all assignments. *Id.* at 992. The petitioner argued that the complaint in foreclosure was insufficient because it should have averred the date of assignment of the mortgage to the bank, as well as the date the assignment was recorded. *Id.* at 989. *See* Pa. R.C.P. 1147(a)(1) ("The plaintiff [in a foreclosure action] shall set forth in the complaint: (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments [...].""). The parties did not dispute that the assignment contemplated in the complaint was executed prior to the entry of default judgment. *Id.* at 992. This Court concluded that the complaint sufficiently put the petitioner on notice that the bank was the legal owner of the mortgage. *Id.* at 993. We further concluded that the bank's averment of a yet-to-be-completed assignment was sufficient compliance with Rule 1147(a)(1). *Id.*

In its complaint, Wells Fargo alleges in pertinent part as follows:

1. Plaintiff is Wells Fargo Bank, N.A. as Trustee of the MLMI Trust Series 2005–FF6, a bank organized and existing under federal law, with offices for the conduct of business c/o their servicing agent Wilshire Credit Corporation at 14523 SW Millikan Way, Suite 200, Beaverton OR 97005.

2. Defendants, Eric M. Lupori and Stacy R. Lupori a/k/a Stacey [1] Renee Lupori are the mortgagors and real owners of premises 229 Catskill Avenue, Pittsburgh, PA 15227, hereinafter described, whose last known address is the same as listed in the caption.

3. Plaintiff brings this action in mortgage foreclosure against defendants, mortgagors and real owners, to foreclose a certain indenture of mortgage made, executed and delivered by the above named defendants, mortgagors and real owners to First Franklin, A Division of National City Bank on March 23, 2005, which mortgage was recorded on April 6, 2005 in the Recorder of Deeds of Allegheny County in Mortgage Book Volume 29745, Page 503, secured on premises 229 Catskill Avenue, Pittsburgh, PA 15227 a true and correct description of which is attached hereto as Exhibit 1.

4. The mortgage has since been [sic] First Franklin Financial Corporation which assignment was record on June 20, 2005 in the Office of the Recorder of Deeds of Allegheny County in Assignment of Mortgage Book Volume 30180, Page 120.

Complaint, 4/5/07, at ¶¶ 1–4.

Thus, Wells Fargo's complaint details the assignment from First Franklin, A Di-

---

1. Two different spellings—"Stacy" and "Stacey"—appear in the complaint as set forth above.

vision of National City Bank ("the Bank") to First Franklin Financial Corporation ("the Corporation"), but makes no mention of any other assignment. Nowhere in the complaint did Wells Fargo identify itself as the owner of the Luporis' mortgage. In opposing the Luporis' petition to strike, Wells Fargo asserted that it received an assignment of the Corporation's rights to the Luporis' mortgage on April 1, 2005.[2]

 On appeal, Wells Fargo cites *Mallory* for the proposition that a plaintiff's complaint in foreclosure need not allege the existence of a completed and recorded assignment of the subject mortgage to the plaintiff. We conclude, however, that this Court's opinion in *Mallory* is distinguishable from the instant matter. In *Mallory*, the bank alleged that it was the owner of the subject mortgage and also alleged the existence of a pending assignment of the mortgage to the bank. In contrast, Wells Fargo has failed to do either of those things. Since the complaint contains no mention of the alleged assignment from Corporation to Wells Fargo or any allegation that Wells Fargo was the owner of the Luporis' mortgage,[3] the complaint does not comply with Rule 1147(a)(1). The alleged April 1, 2005 assignment from Corporation to Wells Fargo was *dehors* the record as of the time of the default judgment. Since the record did not support entry of the default judgment, the trial court erred in declining to strike the judgment from the record. *Aquilino*, 884 A.2d at 1280. We therefore reverse the trial court's order

denying the Luporis' petition to strike the default judgment against them and set aside the sheriff's sale.

Order reversed. Jurisdiction relinquished.

---

**2.** The alleged assignment from the Corporation to Wells Fargo predates the assignment from the Bank to the Corporation. Wells Fargo argues on appeal that its assignment from the Corporation was a valid equitable assignment, despite the Corporation's lack of an interest in the mortgage at the time it purportedly assigned the mortgage to Wells Fargo. In light of our disposition in the main text, we need not reach this issue.

**3.** We observe that the mortgagee is the real party in interest in a foreclosure action. *See Mallory*, 982 A.2d at 994. We further observe that the Rules of Civil Procedure require that "all actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002(a).