J-S41019-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR WAMU MORTGAGE PASS THROUGH CERTIFICATE FOR WMALT 2006-AR4 TRUST, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : : | |
| v. | : : | |
| MARK NORRIS, | : : | |
| Appellant | : | No. 2366 EDA 2013 |

Appeal from the Order July 18, 2013,
Court of Common Pleas, Chester County,
Civil Division at No. 12-07040

BEFORE: BOWES, DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 08, 2014**

Mark Norris ("Norris") appeals from the order of court granting the motion for summary judgment filed by U.S. Bank, N.A. ("U.S. Bank"). Following our review, we affirm.

The facts underlying this dispute are straightforward. In January 2006, Norris executed an adjustable rate note, secured by a mortgage on property located at 103 Jacobs Drive, Coatesville, Pennsylvania. The lender in this transaction was NetBank. In October 2011, Norris ceased making payments on this mortgage obligation. In July 2012, U.S. Bank, to whom the mortgage had been assigned, filed a foreclosure complaint. The complaint was served on Norris, and he subsequently filed an answer thereto. On April 9, 2013, U.S. Bank filed its motion for summary judgment

and Norris filed a brief in opposition thereto. The trial court granted U.S. Bank's motion on July 18, 2013, awarding it an *in rem* judgment of $354,297.96 plus interest and other costs collectible pursuant to the terms of the mortgage. Trial Court Order, 7/18/13. This timely appeal follows.

Norris presents the following seven issues on appeal:

1. Do copies of [p]ublic records and non-verified bookkeeping establish [s]tanding to warrant instant [*sic*] action?

2. Can un-substantiated parties ([U.S. Bank]) gain standing as a 'real' 'party in interest' from other un-substantiated parties (Mortgage Electronic Registration System)?

3. Do the matters of the assignment of the mortgage warrant verification and substantiation as to the validity, accuracy and authenticity of said assignment, to establish standing?

4. Does [Norris] have the right to face [U.S. Bank] before a jury, in the matter of the foreclosure, to obtain a fair determination on the issues in dispute by the preponderance of the evidence?

5. Does [U.S. Bank] have the burden to prove claim and standing as a/the party in interest, entitled to collect on or to enforce the terms of the '[c]ontract'/'[n]ote'?

6. Did said summary judgment order entered by [the trial court] afford [Norris] due process in the law?

7. Will The Honorable Superior Court of Pennsylvania afford the Constitutional protections of due process in the law?

Appellant's Brief at 4-5.

We begin with our well-established scope and standard of review:

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. ***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 60–61 (Pa. Super. 2006) (citation omitted).
>
> \*\*\*
>
> When reviewing a grant of summary judgment, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. ***Id.*** We will disturb the trial court's order only upon an error of law or an abuse of discretion. 'Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration.' ***Id.*** (citation omitted). Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure. ***Id.*** (citation omitted).

***McCausland v. Wagner***, 78 A.3d 1093, 1099-1100 (Pa. Super. 2013).

Four of Norris' issues challenge U.S. Bank's standing to file this action. Norris argues that U.S. Bank did not adequately prove the assignment of the mortgage and note from NetBank to it, and therefore that U.S. Bank lacked standing to bring the foreclosure action against him. Appellant's Brief at 8-9. The trial court found that U.S. Bank satisfactorily established its standing by attaching to the complaint a copy of the assignment of the mortgage to U.S. Bank. Trial Court Order, 7/18/13, at n.1.

A plaintiff in a foreclosure action is required to set forth, in the complaint, all assignments of the mortgage. Pa.R.C.P. 1147(a)(1). This Court has previously held that setting forth the chain of assignments of a mortgage in the complaint was critical to establishing standing in a foreclosure action. *See Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 (Pa. Super. 2010) (holding allegations by a purported mortgagee that it owned the subject mortgage and that there was a pending assignment to that mortgagee were sufficient to establish standing for foreclosure action); *see also US Bank N.A. v. Mallory*, 982 A.2d 986, 993 (Pa. Super. 2009). Here, U.S. Bank set forth the assignment of the mortgage from NetBank to it and stated that "the assignment is in the process of being formalized." Complaint, 7/11/12, at ¶ 1(d). This language is nearly identical to the language we found adequate in *Lupori*, and so we conclude that it adequately establishes the assignment of the mortgage from NetBank to U.S. Bank. *Lupori*, 8 A.3d at 922.

Furthermore, with regard to the note, in *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. 2013), this Court held that a note secured by a mortgage is a negotiable instrument under the Pennsylvania Uniform Commercial Code and as such, "the chain of possession by which [a party] come[s] to hold the [n]ote [is] immaterial to its enforceability by the [party]." *Id.* at 1266. To have standing to bring a foreclosure action on

property used to secure a note, a party need only establish actual possession of the note. *Id.*

On appeal, Norris argues that U.S. Bank was required to produce the original documents making the assignment of the mortgage and note to it and that U.S. Bank could not rely on copies thereof. Appellant's Brief at 8-9. However, Norris cites no authority to support his claim that the original documents must be produced to establish the assignment of a mortgage or note, and we know of none. Indeed, in **Mallory**, we held that to establish standing, the assignment need not even be recorded or finalized, so long as the bank avers that it is the owner of the mortgage and that an assignment is pending. **Mallory**, 982 A.2d at 994.[1] We therefore find no merit to Norris' claim.

The remaining issues that Norris set forth in his statement of questions involved seem to challenge the grant of summary judgment as violating his due process rights and a purported right to put his dispute before a jury. Appellant's Brief at 4-5. We will not pass upon the merits of these claims.

---

[1] The only argument Norris presents in support of his claims regarding standing are seven quotations from this Court's decision in **Murray**, completely unmoored from any discussion of how the quotes apply to the facts of his case. We note briefly that the situation in **Murray** was different, as in **Murray**, the mortgagor claimed not only that the chain of possession of the mortgage and note was defective, but he also disputed the mortgagee's actual possession of the note. **Murray**, 63 A.3d at 1266. It was upon finding that the evidence revealed a genuine issue as to whether the mortgagee actually possessed the note that this Court reversed the trial court's grant of summary judgment.

Norris has not presented, much less developed, any argument in support of these claims, and so we find them waived. *See **Giant Food Stores, L.L.C. v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. … Failure to do so constitutes waiver of the claim.").

Finally, on or about June 9, 2014, Norris filed a motion asking this Court to set aside the sheriff's sale that occurred on May 15, 2014, on the basis that this matter was still pending on appeal when the sheriff's sale occurred. We deny this motion.

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2014