J-A06019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DORCHESTER ACQUISITIONS, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FREDRIC R. MANN II AND SANDRA MANN (DECEASED) | |
| APPEAL OF: FREDRIC R. MANN II | |
| | No. 1445 EDA 2014 |

Appeal from the Order Entered April 1, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2012 No. 346

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                     **FILED APRIL 02, 2015**

Fredric R. Mann II appeals from the order entered April 1, 2014, in the Philadelphia County Court of Common Pleas denying his motion to strike the default judgment entered against him by Dorchester Acquisitions, LLC ("Dorchester") in this mortgage foreclosure action, vacate the subsequent sheriff's sale, and dismiss the mortgage foreclosure action. On appeal, Mann argues the trial court erred in (1) denying his motion to strike the default judgment because the record conclusively established that Dorchester had no standing to bring the action, and (2) declining to void the subsequent sheriff's sale. For the reasons below, we affirm.

The record reveals the following facts. Mann and his wife[1] owned three units (Units 3006, 3007, and 3008), and resided in one, in the Dorchester Condominium on West Rittenhouse Square in Philadelphia, Pennsylvania. On January 20, 2006, Mann executed two mortgages, on Units 3006 and 3007, in favor of The Bancorp Bank ("Bancorp"), in the amount of $405,000.00. Thereafter, on July 28, 2006, Mann executed a third mortgage in favor of Bancorp on Unit 3008 in the amount of $306,000.00. On September 30, 2010, Bancorp assigned all three mortgages to Long Drive Acquisitions, LLC ("Long Drive"), and, on October 4, 2011, Long Drive assigned all three mortgages to Dorchester.

The same day, October 4, 2011, Mann entered into a Forbearance Agreement with Dorchester, whereby Dorchester advanced to Mann the sum of $118,566.23 to postpone a sheriff's sale by another bank on Unit 3006, and the sum of $5,000.00 to postpone a sheriff's sale on all three units by the Dorchester Condominium Unit Owners Association for past due condominium fees. *See* Forbearance Agreement, 10/4/2011, at 3. The Agreement was contingent upon Mann executing in favor of Dorchester a fourth "open-end" mortgage in the amount of the obligations owed on all three units. *Id.* at 5-6. Pursuant to the Agreement, on October 4, 2011,

---

[1] Sandra Mann passed away on September 5, 2012, during the pendency of the underlying mortgage foreclosure action.

Mann executed another mortgage ("4th Mortgage") in the amount of $1,054,670.82, secured by all three units, in favor of Dorchester. The 4th Mortgage was recorded on October 12, 2011, in Philadelphia County (Document ID 52399651).

On October 5, 2011, Dorchester assigned the first three mortgages to Bancorp. These assignments were recorded on October 31, 2011. Dorchester did not assign the 4th Mortgage.

On August 7, 2012, Dorchester filed a complaint in mortgage foreclosure asserting that Mann defaulted under the 4th Mortgage and Forbearance Agreement. After Mann failed to respond to the complaint, Dorchester entered a default judgment, on January 24, 2013, in the amount of $899,877.45, plus interest. Dorchester subsequently filed a praecipe for a writ of execution, which was granted, and the units were sold at a sheriff's sale on August 6, 2013.[2]

On February 18, 2014, Mann filed an Emergency Motion to Vacate Sheriff's Sale, Strike the Default Judgment, and Dismiss the Mortgage Foreclosure Action. Mann asserted (1) that the mortgage foreclosure complaint failed to set forth the subsequent assignments of the underlying mortgages, (2) that Dorchester was not the real party in interest, and

_____

[2] Dorchester was the successful bidder on the property. *See* Trial Court Opinion, 8/6/2014, at 2. Dorchester then leased the property to Mann to avoid his eviction. *Id.* However, Dorchester subsequently filed an eviction action when Mann did not pay his rent. *Id.*

- 3 -

therefore, the court had no jurisdiction, and (3) that Dorchester failed to serve him with the mortgage foreclosure complaint. Mann also filed a petition for a temporary restraining order that same day, seeking to enjoin Dorchester from evicting him from the properties. Following oral argument, on April 1, 2014, the trial court entered an order denying Mann's emergency motion.[3] The same day, Mann withdrew his petition for a temporary restraining order. Mann filed a motion for reconsideration on April 9, 2014, which the trial court did not address during the 30-day appeal period. Accordingly, Mann filed a notice of appeal on May 2, 2014.[4]

In his first issue on appeal, Mann challenges the validity of the default judgment entered against him.[5] Specifically, he contends the trial court

_____

[3] Although the trial court cites to the transcript from the oral argument in its opinion, the transcript is not included in the certified record. Indeed, it does not appear that Mann requested the transcript or paid the transcription fee when he filed his notice of appeal. **See** Notice of Appeal, 5/2/2014. **See also** Pa.R.A.P. 904(c) (request for transcript "shall accompany the notice of appeal"); 1911(a) ("The appellant shall request any transcript required … and make any necessary payment or deposit therfor[.]").

[4] Because notice of the order denying Mann's emergency motion was sent to the parties on April 2, 2014, Mann's notice of appeal filed on May 2, 2014, was timely.

On May 22, 2014, the trial court ordered Mann to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) Mann complied with the court's directive, and filed a concise statement on June 11, 2014.

[5] Although Mann raises three issues in his brief, we have consolidated the first two for disposition.

- 4 -

erred in denying his motion to strike because Dorchester held no legal ownership interest in the property, and, therefore, had no standing to file a mortgage foreclosure action against him. He further claims that Dorchester failed to plead the subsequent assignments of the mortgages in the complaint, which was in violation of Pennsylvania Rule of Civil Procedure 1147(a). Mann also contends that the verification attached to Dorchester's complaint, signed by an agent of Bancorp, supports his claim that Dorchester is not the real party in interest.

Preliminarily, we note that Mann sought only to **strike** the default judgment, not to open it.[6] Accordingly, our review is guided by the following:

> With regard to a motion to strike a default judgment, [a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the

---

[6] In its opinion, the trial court limited its discussion to whether the default judgment should be opened. **See** Trial Court Opinion, 8/6/2014, at 4-6. As noted above, however, Mann did not seek to open the judgment. Nevertheless, because "a litigant may seek to strike a void judgment at any time[,]" and our standard of review of an order denying a petition to strike I, in any event, *de novo*, we may proceed to consider the merits of Mann's claim without the benefit of a trial court opinion. **Oswald v. WB Pub. Square Associates, LLC**, 80 A.3d 790, 793 n.2 (2013). **See also Louis Dreyfus Commodities Suisse SA v. Fin. Software Sys., Inc.**, 99 A.3d 79, 82 (Pa. Super. 2014) (noting Superior Court "may affirm the decision of the trial court on any valid basis appearing of record. ") (citation omitted).

> record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.
>
> ***Aquilino v. Phila. Catholic Archdiocese***, 884 A.2d 1269, 1280 (Pa. Super. 2005). "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***U.S. Bank, N.A. v. Mallory***, 982 A.2d 986, 991 (Pa. Super. 2009) (quoting ***Cintas Corp. v. Lee's Cleaning Servs.***, 549 Pa. 84, 89–90, 700 A.2d 915, 917 (1997)). "Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void." ***Id.***

***Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 920-921 (Pa. Super. 2010).

Pennsylvania Rule of Civil Procedure 1147 details the requirements for a complaint in mortgage foreclosure. Specifically, the complaint must set forth:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment for the amount due.

Pa.R.C.P. 1147 (a).

A review of the mortgage foreclosure complaint in the present case reveals Dorchester complied with the requirements of Rule 1147. ***See***

Complaint, 8/7/2012, at ¶¶ 1-3 (describing mortgage and forbearance agreement recorded on October 12, 2011); 8 (describing Units 3006, 3007, and 3008); 9-10 (averring mortgaged property is in Mann's name and providing Mann's address); 4-7, 11 (averring Mann defaulted under term of mortgage and forbearance agreement); and 13-14 (providing itemized list of amount due). *See id.* at 7 (demanding judgment). Thus, there does not appear to be a fatal defect on the face of the record. *See Lupori*, *supra*, 8 A.3d at 922 (striking default judgment when mortgage foreclosure complaint did not allege plaintiff bank had ever been assigned the mortgage in question).

Mann contends, however, that the mortgage upon which Dorchester seeks to foreclose was a "blanket mortgage" that was comprised of the three prior mortgages on the units. Mann's Brief at 9. Accordingly, Mann argues, when Dorchester assigned the three prior mortgages to Bancorp on October 5, 2011, "there was nothing left under that blanket" to foreclose upon, so that Dorchester had no standing to institute foreclosure proceedings. *Id.* Further, Mann asserts that Dorchester violated Rule 1147(a) by failing to plead these assignments in his complaint, and requests that this Court take judicial notice of them on appeal. *Id.* at 9-10. In its response, Dorchester argues that Mann's characterization of the 4th Mortgage as a "blanket mortgage" is misplaced. We agree.

Pursuant to the October 4, 2011, Forbearance Agreement, Mann executed a separate, 4th Mortgage on all three units in favor of Dorchester.

- 7 -

Although the Forbearance Agreement referenced the three prior mortgages, the 4th Mortgage was a separate security executed between Mann and Dorchester in the amount of $1,054,670.82. **See** Open-End Mortgage, 10/4/2011, at 2. As the trial court explained in its opinion, "the complaint [at issue] is regarding the default on the [4th M]ortgage recorded on October 12, 2011 at Document ID 52399651 in the Office of the Recorder of Deeds, Philadelphia County[,]" and Mann "presented no testimony to establish that the mortgage recorded at Document ID 52399651 had been assigned." Trial Court Opinion, 8/6/2014, at 7. Moreover, the Forbearance Agreement specifically permitted Dorchester, in the event of default, to "exercise all of its rights and remedies under [that] Agreement, the Loan Documents, Mortgage Nos. 1A, 1B, 2, 3 and 4 and/or under applicable law[.]" Forbearance Agreement, 10/4/2011, at ¶ 14. Therefore, Dorchester was well within its rights to foreclose under the 4th Mortgage when Mann defaulted on his obligations under the Forbearance Agreement.[7]

_____

[7] We reject Mann's contention that the use of the conjunction "and," rather than "or," in the Forbearance Agreement when referring to Dorchester's right to foreclose under "Mortgage 1A, 1B, 2, 3 **and** 4," prevents Dorchester from foreclosing on **any one** of the mortgages when, as here, the others have been assigned. Forbearance Agreement, 10/4/2011, at ¶ 14. Nevertheless, even if we were to agree with Mann's contention, he fails to demonstrate how this claim constitues a **fatal defect on the face of the record**. Clearly, on the face of the complaint, Dorchester averred it was foreclosing on a mortgage executed by Mann in its favor, and recorded on October 12, 2011.

Mann also contends the Verification statement attached to the complaint further supports his claim that Dorchester "lacked legal standing to commence foreclosure proceedings and that the real party in interest and actual mortgagee was Bancorp Bank[.]" Mann's Brief at 12. Indeed, the Verification is signed by an "AVP of The Bancorp Bank" and states, in relevant part:

> This verification is not being made by Dorchester Acquisition, LLC because it lacks sufficient knowledge or information. The Bancorp Bank is the servicer of [Mann's] loans that are owned by Dorchester Acquisition, LLC and The Bankcorp Bank has knowledge of the allegations in the foregoing Complaint in Mortgage Foreclosure.

Complaint, 8/7/2012, at 8. Mann asserts that the Verification is proof that the real party in interest is Bancorp Bank, who was assigned the three prior mortgages on October 5, 2011.

Mann's argument is unavailing. Pursuant to Pa.R.C.P. 1024(a), every pleading must be verified by a person with personal knowledge or information of the facts set forth in the pleading. The Rule further provides:

> (c) The verification shall be made by one or more of the parties filing the pleading **unless all the parties (1) lack sufficient knowledge or information**, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. **In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.**

Pa.R.C.P. 1024(c) (emphasis supplied). Here, the Bancorp employee, who signed the statement, averred (1) that Dorchester lacked sufficient knowledge or information, (2) that Bancorp is the servicer of the loans **owned by Dorchester**, and (3) that Bancorp has knowledge of the information in the complaint. Accordingly, an employee of Bancorp properly verified the complaint **for Dorchester**. The fact that he did so is not proof that Bancorp is the real party in interest.

Accordingly, we conclude the trial court properly denied Mann's motion to strike the default judgment. Although Mann also challenges the court's refusal to void the sheriff's sale, he acknowledges that claim is derivative of his first. **See** Mann's Brief at 15 ("[I]f a Default Judgment is null and void, then any consequent Sheriff's Sale of the defendants' property likewise is null and void[.]"). Therefore, because we conclude the default judgment was properly entered, we need not address Mann's second claim.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/2015