J-S29039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RUSSELL G. McCLELLAND and ISAVEL | : | |
| HERNANDEZ McCLELLAND | : | |
| | : | |
| APPEAL OF: RUSSELL G. McCLELLAND | : | No. 1926 WDA 2014 |

Appeal from the Order Entered October 28, 2014,
in the Court of Common Pleas of Erie County,
Civil Division, at No: 11390-2013

BEFORE:    PANELLA, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                         **FILED JULY 16, 2015**

Russell G. McClelland (McClelland) appeals *pro se* from the October 28, 2014 order which granted summary judgment in favor of U.S. Bank National Association (U.S. Bank) in this mortgage foreclosure action.[1]  We affirm.

The trial court summarized the history of this case as follows.

> [U.S. Bank] filed a complaint on May 21, 2013 seeking to foreclose on a mortgage.  In its complaint, [U.S. Bank] asserted the mortgage secures the indebtedness of a note executed by Russell G. McClelland on July 29, 2003 and that [U.S. Bank] became mortgagee when Flagstar Bank assigned the note and mortgage to [it] on April 16, 2004.  The complaint also attached copies of the note, mortgage, and assignment.

> On June 24, 2013, [McClelland] filed preliminary objections contending that [U.S. Bank] failed to timely file original documents with the Prothonotary, that Exhibit D attached to the complaint incorrectly identified Allegheny Mortgage Corp. as the original lender, and that the copies of the mortgage and note do

---

[1] Isavel Hernandez McClelland, who is listed as a joint tenant with McClelland in the mortgage instrument and who was also named as a defendant in the foreclosure action, has not appealed to this Court.

*Retired Senior Judge assigned to the Superior Court.

not match those copies provided to [McClelland] by [U.S. Bank] in February and March 2013. [McClelland] subsequently filed amended preliminary objections on July 8, 2013, stating that "failing to exhibit the instrument by the person making presentment violates U.C.C. §3501(b)(2)."

[U.S. Bank] filed its reply to [McClelland's] preliminary objections on August 5, 2013, arguing the law does not require [it] to file the original mortgage and note with the Prothonotary. [U.S. Bank] represented it would make the original note available to [McClelland]. [U.S. Bank] also asserted that while there are differences between the two copies of the mortgage, those differences stem from the fact that the copy attached to the complaint was recorded and thus bore a stamp of the recording information and included a legal description of the property. [U.S. Bank] averred there are no differences between the copy of the note attached to the complaint and that which was attached to [McClelland's] preliminary objections.

[McClelland's] preliminary objection[s] and amended preliminary objections were overruled by order dated February 7, 2014. [McClelland] filed an answer to the complaint on February 27, 2014 in which he admitted that Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for Flagstar Bank (FSB) assigned the note and mortgage to [U.S. Bank].

After the close of discovery, [U.S. Bank] filed a motion for summary judgment on August 22, 2014. [McClelland] filed an answer to [U.S. Bank's] motion for summary judgment on September 17, 2014. After oral argument afforded the parties on October 22, 2014, [U.S. Bank's] motion for summary judgment was granted on October 28, 2014.

On November 24, 2014, [McClelland] filed a Notice of appeal with the Superior Court and subsequently filed a concise statement of matters complained of on appeal. …

Trial Court Opinion, 1/14/2015, at 1-2 (citation and unnecessary capitalization omitted).

McClelland presents one question for this Court's consideration: "When suit is brought against a defendant by a stranger to his contract, is the defendant entitled to proof that the plaintiff is the owner of the claim against him[?]" McClelland's Brief at 1.

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action. *See* Pa.R.C.P. 1141(b). "In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998).

McClelland does not dispute that the mortgage is in default and that foreclosure is appropriate. His issue, as expressed to the trial court, is as follows: "I just want to make sure I'm paying the right people." Transcript of Summary Judgment Argument, 10/22/2014, at 8-9.

Other than pursuant to exceptions not relevant to this case, "all actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002(a). "[T]he mortgagee is the real party in interest in a foreclosure action." *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n. 3 (Pa. Super. 2010).

The original mortgage instrument, signed by McClelland and recorded with the recorder of deeds on August 5, 2003, clearly states as follows on page one: "**MERS is the mortgagee under this Security Instrument**." Exhibit E to McClelland's Preliminary Objections, 6/24/2013, at 1 (emphasis in original).[2] The original mortgage instrument further provides that the property in question is mortgaged, granted, and conveyed to MERS "and to the successors and assigns of MERS…." *Id.* at 3.

McClelland's answer to U.S. Bank's complaint states: "Admitted that Mortgage Electronic Registration Systems, Inc. [(MERS)], as nominee for Flagstar Bank, FSB, assigned its note and mortgage to [U.S. Bank] on

---

[2] A copy of the document, different in that it is marked with the stamp of the Erie County Recorder of Deeds but otherwise the same, is attached to U.S. Bank's complaint.

November 7, 2012 in the Office of the Recorder of Deeds in Erie County." Answer and New Matters, 2/27/2014, at ¶ 3a.

Therefore, based upon the copy of the mortgage instrument acknowledged by McClelland, MERS was the original mortgagee and had the express authority to assign its interests. McClelland admitted in his answer to the foreclosure complaint that MERS assigned the mortgage to U.S. Bank. Accordingly, as a matter of law, U.S. Bank is the real party in interest in this foreclosure action. Therefore, the trial court properly granted U.S. Bank's motion for summary judgment.

Order affirmed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015

---

[3] McClelland's concerns about U.S. Bank's failure to show him that it possesses the original note and mortgage, rather than photocopies, is unwarranted. "[A] note secured by a mortgage fits the plain language of the UCC's definition of [a negotiable] instrument." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1265 (Pa. Super. 2013). "Pursuant to [Pennsylvania's UCC], a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." *Id.* at 1263 (citing 13 Pa.C.S. § 3602(a)).