J-A14037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2, BY U.S. NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE, | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| BELINDA JEAN RUDDER, | : : | |
| Appellant | : | No. 1836 MDA 2014 |

Appeal from the Order Entered October 3, 2014,
in the Court of Common Pleas of Susquehanna County,
Civil Division at No(s): 2013-978 CP

BEFORE:  BENDER, P.J.E., JENKINS and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 23, 2015**

Belinda Jean Rudder (Rudder) appeals from the order that granted summary judgment in favor of Appellee, Residential Mortgage Loan Trust 2013-TT2, by U.S. National Association, not in its individual capacity, but solely as Legal Title Trustee. We affirm.

On or about March 14, 2005, Rudder borrowed $182,000 from Tribeca Lending Corporation (Tribeca) to purchase real property located at RR 2 Box 2651C Pine Street, Hallstead, Pennsylvania, and executed a mortgage in favor of Tribeca securing the property as collateral for the loan.  A number of assignments of the mortgage occurred thereafter, and each assignment was duly recorded with the Susquehanna County Recorder of Deeds.

_____

* Retired Senior Judge assigned to the Superior Court.

On August 5, 2013, Wells Fargo Bank, N.A., then the claimed holder of the mortgage and note, filed the instant action in foreclosure, alleging that Rudder had been in default of her obligations under the terms of the mortgage since September 2012.[1] Appellee subsequently filed a motion for summary judgment, which the trial court granted on October 3, 2014. This timely appeal followed. The trial court did not order Rudder to file a statement of errors complained of on appeal, and none was filed. At this Court's direction, the trial court submitted a statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a).

Rudder presents the following issue for our review: "Whether the lower [c]ourt erred in granting [Appellee's] Motion for Summary Judgment as there are genuine issues of material fact[] regarding whether [Appellee] is the holder in due course and has standing to enforce [Rudder's] Mortgage and Note?" Rudder's Brief at 2.

Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action. *See* Pa.R.C.P. 1141(b).

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-

---

[1] On February 10, 2014, the mortgage was assigned to Appellee, which was substituted as the plaintiff in the pending mortgage foreclosure litigation.

moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

Other than pursuant to exceptions not relevant to this case, "all actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002(a). "[T]he mortgagee is the real party in interest in a foreclosure action." *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n. 3 (Pa. Super. 2010).

The original mortgage instrument, signed by Rudder and recorded with the Susquehanna County Recorder of Deeds on March 29, 2005, clearly states that Tribeca Lending Corporation is the mortgagee. Complaint Exhibit B. The original mortgage instrument further provides that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." *Id.* at 11.[2]

In her answer to Appellee's complaint, Rudder admits that her original mortgage instrument has been assigned multiple times, and that each assignment had been recorded with the Susquehanna County Recorder of

---

[2] Section 20 governs sale of the note, change of loan servicer and notice of grievance and provides, *inter alia*, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."

Deeds. Answer and New Matter, 12/31/2013, at ¶ 6, 9. The final assignment, from the original plaintiff Wells Fargo Bank to Appellee, was recorded on February 10, 2014. Substitution of Successor in Interest Pursuant to Pa.R.C.P 2352(a), 3/3/2014.

Therefore, based upon the copy of the mortgage instrument acknowledged by Rudder, Tribeca was the original mortgagee and had the express authority to assign its interests. Rudder admitted in her answer to the foreclosure complaint that Tribeca assigned the mortgage multiple times, and ultimately, the original plaintiff to this action, Wells Fargo Bank, took possession of the instrument. We are therefore satisfied that Rudder was sufficiently advised of Appellee's claim of interest to the subject mortgage and find no defect apparent on the face of the recorded assignment. ***See***, ***e.g.***, ***US Bank N.A. v. Mallory***, 982 A.2d 986 (Pa. Super. 2013).[3] Appellee then, as standing in the shoes of the mortgagee, had standing to bring a

---

[3] The federal courts have held that "it is well-established that a borrower … does not have standing to challenge the validity of mortgage assignments, because … the only interest or right which an obligor or a [claimant] has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice." ***Souders v. Bank of America***, 2012 WL 7009007, at *11 (M.D. Pa. Dec. 6, 2012). Although we are not bound by the decisions of the district courts, we find this reasoning persuasive, particularly in light of this Court's treatment of the mortgage note: "[A] note secured by a mortgage fits the plain language of the UCC's definition of [a negotiable] instrument." ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1265 (Pa. Super. 2013). "Pursuant to [Pennsylvania's UCC], a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." ***Id.*** at 1263 (citing 13 Pa.C.S. § 3602(a)).

mortgage foreclosure suit against Rudder.  Therefore, the trial court properly rejected Rudder's challenge to the propriety of the entry of judgment in favor of Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2015