J-A33036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| THOMAS F. DORITY, TRACEY W. DORITY AND THE UNITED STATES OF AMERICA | : | |
| APPEAL OF: THOMAS F. DORITY | : | No. 922 EDA 2015 |

Appeal from the Order Entered March 6, 2015,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s): 2014-18410

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 02, 2016**

Thomas F. Dority (Dority) appeals *pro se* from the order granting summary judgment in favor of Federal National Mortgage Association (Fannie Mae) and entering an *in rem* judgment against Dority in the amount of $88,798.82.[1] We affirm.

Fannie Mae filed a complaint on June 23, 2014, seeking to foreclose on a mortgage. Therein, Fannie Mae asserted that the "[m]ortgage secures the indebtedness of a [n]ote executed by … Dority on October 1, 2003 in the original principal amount of $112,922.00." Fannie Mae's Complaint,

---

[1] "Tracey W. Dority was dismissed as a party to this action by praecipe filed December 8, 2014 after her death." Trial Court Opinion (TCO), 5/28/2015, at 1 n.1.

* Retired Senior Judge assigned to the Superior Court.

6/23/2014, at ¶4. Fannie Mae further alleged that it was the mortgagee by assignment by virtue of the following:

> The mortgage, dated October 1, 2003, was recorded on December 22, 2003 in the Office of the Recorder of Deeds in Montgomery County in mortgage book 10913, page 1713, instrument #2003643347. An assignment of mortgage was recorded from PHH Mortgage to Mortgage Electronic Registration Systems, Inc. [MERS] on June 25, 2008 in the Office of the Recorder of Deeds of Montgomery County in mortgage book 12423, pages 02319-02321, instrument #2008066162. An assignment of mortgage was recorded from [MERS] to CitiMortgage, Inc. on August 29, 2013 in the Office of the Recorder of Deeds of Montgomery County in mortgage book 13670, pages 01533-01537, instrument #2013091962. [Fannie Mae] is the mortgagee by assignment by virtue of an assignment of mortgage recorded from CitiMortgage, Inc. to [Fannie Mae] on February 26, 2014 in the Office of Recorder of Deeds in Montgomery County in book 13751, pages 00954-00957, instrument #2014011500.

*Id.* at ¶3 (unnecessary capitalization omitted).

According to the complaint, the land subject to the mortgage was owned by the Doritys and located at 1116 Pawlings Road, Audubon, Pennsylvania, 19403. *Id.* at ¶¶5-6. Fannie Mae alleged that the mortgage is "in default due to the failure of [the Doritys] to make payments as they became due and owing" and listed the amounts due, including interest. *Id.* at ¶7. Fannie Mae attached to the complaint copies of the note, mortgage, and recorded assignments. *Id.* at Exhibits A, C.[2]

---

[2] As explained by the trial court, Fannie Mae "refers to the assignments of mortgage collectively as Exhibit B in [its] complaint;" however, Fannie Mae "failed to include a cover sheet identifying Exhibit B," and "the assignments

On July 14, 2014, Dority filed a motion for extension of time in which to file an answer to Fannie Mae's complaint, followed by an answer on July 21, 2014. On August 5, 2014, Fannie Mae filed a reply to Dority's "new matter."[3] On September 2, 2014, Dority filed an "Answer to Plantiffs' [*sic*] Complaint and New Matters/Cross Complaint Amended" (amended answer). On September 15, 2014, the trial court denied Dority's motion for extension of time as moot. On October 1, 2014, Fannie Mae filed preliminary objections to Dority's amended answer, to which Dority responded. On December 4, 2014, the trial court sustained Fannie Mae's preliminary objections and dismissed Dority's amended answer.

Fannie Mae then filed a motion for summary judgment on December 8, 2014, which Dority opposed. On February 18, 2015, Dority filed a motion for summary judgment. On March 6, 2015, the trial court granted Fannie Mae's motion for summary judgment and entered an *in rem* judgment against Dority in the amount of $88,798.82. Dority filed a motion for reconsideration on March 18, 2015, followed by a notice of appeal on April 3, 2015.

---

are found at the end of Exhibit A." TCO, 5/28/2015, at 5 n.4 (unnecessary capitalization omitted).

[3] "Dority did not include 'new matter' with his answer, but because his answer contained defenses and averments of fact that would normally be included in new matter, [Fannie Mae] replied as a precaution." TCO, 5/28/2015, at 2 n.2.

On appeal, Dority purports to raise 17 questions for our consideration. It is clear from Dority's argument, however, that he primarily challenges Fannie Mae's standing to bring this foreclosure action.

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted). Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action. Pa.R.C.P. 1141(b).

With respect to Dority's standing challenge on appeal, we observe that, other than pursuant to exceptions not relevant to this case, "all actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002(a). "[T]he mortgagee is the real party in interest in a foreclosure action." *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n.3 (Pa. Super. 2010).

In the original mortgage instrument signed by Dority, PHH Mortgage Services is the named "Lender." Fannie Mae's Complaint, 6/23/2014, Exhibit A, Mortgage Instrument, at 1. That mortgage instrument provides that "Lender is the mortgagee under this Security Instrument" and that the subject property is mortgaged, granted, and conveyed to "Lender." *Id.* at 2-3. The mortgage instrument further explains that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times" without prior notice to Dority. *Id.* at 13. Thus, the mortgage instrument clearly contemplates transfer of the mortgage.

Moreover, a review of the recorded assignments Fannie Mae attached to the complaint reveals the following: by assignment recorded on June 25, 2008, PHH Mortgage Services assigned the mortgage to MERS; by assignment recorded on August 29, 2013, MERS assigned the mortgage to CitiMortgage, Inc.; and by assignment recorded on February 26, 2014, CitiMortgage, Inc. assigned the mortgage to Fannie Mae. Fannie Mae's Complaint, 6/23/2014, Exhibit A, Recorded Assignments. Based on this unbroken chain of recorded assignments from the original lender to Fannie Mae, it is clear that Fannie Mae, as the mortgagee, has standing to bring this foreclosure action against Dority. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/2/2016