J-S05031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| U.S. BANK NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JOHN PRIMIANO | : | |
| | : | |
| Appellant | : | No. 1523 EDA 2020 |

Appeal from the Order Entered June 11, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 180105578

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 8, 2021**

John Primiano ("Primiano") appeals from the entry of summary judgment in favor of U.S. Bank National Association ("U.S. Bank") in this mortgage foreclosure action. We affirm.

In February 2006, Primiano entered into a mortgage loan transaction (the "Mortgage") with Washington Mutual Bank, FA ("WaMu") for real property located at 2413 Grays Ferry Avenue, Philadelphia, Pennsylvania, and executed a note (the "Note") in favor of WaMu in the principal amount of $192,500.00. The Note was endorsed by WaMu and made payable in blank, without recourse. The Mortgage was recorded on February 15, 2006 with the Recorder of Deeds in Philadelphia County.

The Mortgage was subsequently acquired by JPMorgan Chase Bank ("Chase"), through a purchase and assumption agreement with the Federal Deposit Insurance Corporation, as receiver of WaMu. The Mortgage was

thereafter assigned twice. First, Chase assigned the Mortgage to Wells Fargo Bank, N.A. ("Wells Fargo"), which recorded the assignment on May 9, 2011. In February 2012, Wells Fargo filed a mortgage foreclosure action against Primiano (the "2012 Action"). In that case, Primiano entered into a judgment by stipulation in favor of Wells Fargo in August 2014 in the amount of $250,220.45, plus interest. The judgment was subsequently vacated when Primiano remitted payment in January 2016 in the agreed-upon amount of $99,062.93. The Mortgage was then reinstated and the 2012 Action was discontinued.

The Mortgage was later assigned a second time — this time, by Wells Fargo to U.S. Bank, appellee herein. The second assignment was recorded on December 28, 2016.

On February 1, 2018, U.S. Bank filed a mortgage foreclosure complaint against Primiano alleging he was in default of the Note and Mortgage for failing to make the monthly payments since March 1, 2016. Complaint, 2/1/18, at ¶ 9. Primiano filed an answer to the complaint and new matter, in which he, *inter alia*, denied being in default of the loan, claimed he was overcharged, and challenged U.S. Bank's standing to bring this action. Amended Answer and New Matter, 4/22/19, at ¶¶ 9, 17, 24.

On March 2, 2020, U.S. Bank moved for summary judgment against Primiano alleging that there were no genuine issues of material fact. Attached to the motion was an affidavit attesting to the fact that U.S. Bank held the Note, the Mortgage was in default because no payment had been made since

March 1, 2016, and certifying the amount of interest, costs, and total amount due. Motion for Summary Judgment, 3/2/20, at Exh. A, ¶¶ 9, 12, 16, 17. Primiano thereafter filed a response to the motion for summary judgment. On June 11, 2020, the trial court granted summary judgment in favor of U.S. Bank, and awarded U.S. Bank an *in rem* judgment in the amount of $224,503.26, plus interest. This timely appeal followed.

Primiano raises the following three issues for our review:

1. Whether the [t]rial [c]ourt committed an error of law or abused its discretion by granting [U.S. Bank's] Motion for Summary Judgment despite the existence of genuine issues of material fact in that there were contradictory versions of the Promissory Note?

2. Whether the [t]rial [c]ourt committed an error of law or abused its discretion by granting [U.S. Bank's] Motion for Summary Judgment despite there being a genuine issue of material fact in that [U.S. Bank] was charging [Primiano] for hazard insurance despite [Primiano] having paid for and having continued coverage of hazard insurance?

3. Whether the [t]rial [c]ourt committed an error of law or abused its discretion by granting [U.S. Bank's] Motion for Summary Judgment despite there being a genuine issue of material fact in that [U.S. Bank] did not prove the precise amount due on the mortgage[?]

Primiano's Br. at xi.

Our standard of review is *de novo* and our scope of review is plenary. ***Nicolaou v. Martin***, 195 A.3d 880, 891 (Pa. 2018). "[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." ***Id.*** (citing

- 3 -

Pa.R.C.P. 1035.2(1)). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* In responding to a motion for summary judgment, "the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." **Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 464 (Pa.Super. 2014) (citing Pa.R.C.P. 1035.3). We "reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." **Nicolaou**, 195 A.3d at 892.

Summary judgment in a mortgage foreclosure action is subject to the same rules as other civil actions. **CitiMortgage, Inc. v. Barbezat**, 131 A.3d 65, 67 (Pa.Super. 2016) (citing Pa.R.C.P. 1141(b)). In a mortgage foreclosure action, summary judgment is appropriate "if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." **Gerber v. Piergrossi**, 142 A.3d 854, 859 (Pa.Super. 2016) (citation and internal quotation marks omitted).

Primiano's first argument is that U.S. Bank lacks standing because it is not the real party in interest. Primiano points out that in the 2012 Action, the copy of the Note that Wells Fargo (the plaintiff in that case) presented in its complaint and motion for summary judgment did not contain an endorsement. Primiano's Br. at 3, 14. However, in the instant case filed by U.S. Bank, the

- 4 -

Note attached to the complaint and motion for summary judgment is the same Note as presented in the 2012 Action but contains a blank endorsement. *Id.* Primiano contends that the "issue of the two conflicting notes" creates a genuine issue of material fact such that summary judgment should not have been granted. *Id.* at 9, 12. Primiano argues that "[c]onsidering the chronology of the alleged assignments and filings, there is a genuine issue of material fact and question as to the validity of the endorsement and to how [U.S. Bank] came into possession of the endorsed Note after [j]udgment was entered in a case wherein the same Note did not contain an endorsement." *Id.* at 8. Primiano concludes that "[w]ithout being the Noteholder, [U.S. Bank] is not the real party in interest." *Id.* at 4.

Pursuant to Pennsylvania Rule of Civil Procedure 2002, "all actions shall be prosecuted by and in the name of the real party in interest[.]" Pa.R.C.P. 2002(a). "[A] real party in interest is a [p]erson who will be entitled to benefits of an action if successful.... [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." *Barbezat*, 131 A.3d at 68 (quoting *U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 994 (Pa.Super. 2009)) (internal quotation marks omitted, alterations in original).

The mortgagee is the real party in interest in a mortgage foreclosure action. *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n.3 (Pa.Super. 2010). This is apparent "under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a

- 5 -

mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments." **Barbezat**, 131 A.3d at 68 (citing Pa.R.C.P. 1147). A plaintiff in a mortgage foreclosure action "can prove standing either by showing that it (i) originated or was assigned the mortgage, or (ii) is the holder of the note specially indorsed to it or indorsed in blank." **Gerber**, 142 A.3d at 859-60 (quoting **J.P. Morgan Chase, N.A. v. Murray**, 63 A.3d 1258, 1267-68 n.6 (Pa.Super. 2013)) (emphasis deleted). Pennsylvania permits assignments of mortgages and "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights." **Barbezat**, 131 A.3d at 69.

Here, U.S. Bank averred and produced evidence that it was the holder of the Mortgage. U.S. Bank alleged in its complaint that it "is the proper party by way of an Assignment of Mortgage recorded December 28, 2016 as Instrument #53154549." Complaint at ¶ 7. When making its motion for summary judgment, it produced copies of the original recorded Note and Mortgage, as well as the recorded assignments from Chase to Wells Fargo and from Wells Fargo to U.S. Bank. Motion for Summary Judgment at Exh. A, ¶¶ 7, 8, 10, 11 (and accompanying exhibits). Furthermore, U.S. Bank's motion for summary judgment also included an affidavit from the mortgage servicer confirming that U.S. Bank is currently in possession of the original Note. Summary Judgment Motion at Exh. A., ¶ 9.

Accordingly, U.S. Bank produced sufficient evidence to establish that it had standing to pursue this action by virtue of the assignments, recorded prior

to the commencement of this action, and the fact that U.S. Bank possessed the Note. Primiano failed to point to any evidence in the record in support of his assertion that a genuine issue of material fact exists regarding the validity of the assignments. **See Gerber**, 142 A.3d at 860 (concluding that the trial court did not err by granting summary judgment in favor of appellee where appellee properly held the mortgage by valid assignment and appellants offered no evidence to establish a genuine issue of material fact with respect to the assignment).

Further, Primiano's argument that there is a genuine issue of fact as to the validity of the endorsement is unavailing. The 2012 Action was brought by Wells Fargo, not U.S. Bank. U.S. Bank was not a party to the 2012 Action and was not involved in that case. U.S. Bank did not have the burden in this case of explaining the existence of an unendorsed note in a case in which it was not a party. Therefore, the averments and evidence used in the 2012 Action are not relevant to U.S. Bank's instant action and the trial court did not err in failing to consider them. Moreover, the signature on an endorsement is presumed to be authentic and authorized. **See** 13 Pa.C.S.A. § 3308(a); **see also PHH Mortg. Corp. v. Powell**, 100 A.3d 611, 617-18 (Pa.Super. 2014). Primiano produced no evidence to rebut the presumption that the endorsement in the Note presented in the instant case was authentic and authorized. Accordingly, Primiano is not entitled to relief on this claim.

Primiano's final issues are interrelated; as such, we will address them together. Primiano argues that U.S. Bank overcharged him for "forced-placed"

insurance despite him carrying and paying for his own hazard insurance. Primiano's Br. at 18. Primiano contends that U.S. Bank's "illegal and improper charges for 'forced-placed' insurance resulted in [U.S. Bank's] improper inflation of monthly payments [] due [to] adding escrow charges by ignoring [Primiano's] insurance payments." *Id.* at 18-19. Primiano argues that the trial court "failed to consider the evidence and supporting Affidavit of [Primiano] wherein he presented proof of the required insurance" and he asserts that he was "overcharged and [U.S. Bank] would not accept the proper, monthly payment that was due." *Id.* at 19. As a result, Primiano maintains that since U.S. Bank inflated the amounts due by Primiano, U.S. Bank did not prove the precise amount due on the Mortgage, and summary judgment should not have been granted. *Id.* at 21.

In order to defeat a motion for summary judgment, "the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Gibson***, 102 A.3d at 464. Here, Primiano's amended answer and new matter only contained general denials and claims of lack of knowledge in response to U.S. Bank's assertions of default and amount due under the loan. It is well-settled that general denials constitute admissions in mortgage foreclosure actions. *Id.* at 466-67 (citing Pa.R.C.P. 1029(b)). Further, "general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." *Id.* at 467 (quoting ***First Wis. Tr. Co. v.***

*Strausser*, 653 A.2d 688, 692 (Pa.Super. 1995)). Therefore, Primiano's general denials constituted admissions since Primiano could not claim to not have knowledge of the default or amount due. *See Strausser*, 653 A.2d at 692 (denial of knowledge of total amount of mortgage due deemed insufficient under Pa.R.C.P. 1029(c) and therefore averment was admitted when it was clear that appellant must have known if the allegation was true or not).

Moreover, in order to successfully defend against U.S. Bank's summary judgment motion, Primiano was obligated to identify "one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion[.]" Pa.R.C.P. 1035.3(a)(1). Primiano merely alleges in his amended answer and new matter and his response to the summary judgment motion that he is not in default of the loan and that U.S. Bank overcharged him for the debt. He points to no evidence in the record to support these bald assertions, such as evidence that he made any payments after the March 1, 2016 default date,[1] proof of payment of hazard insurance, proof of how and when he was overcharged and the amount of the alleged overcharges. The only supposed support presented by Primiano is his self-serving affidavit, in which he conclusory states he is not in default of the loan and that he was overcharged for insurance payments. *See* Response to Summary Judgment Motion, 4/3/20, at Exh. D. Conversely, U.S. Bank

_____

[1] In his discovery responses, Primiano, in fact, admitted that his last mortgage payment was made in January 2016. *See* Motion for Summary Judgment at Exh. E, Interrogatory 15; Exh. F, Response to Interrogatory 15.

- 9 -

presented extensive financial documentation and business records evidencing nonpayment by Primiano. Primiano's unsupported arguments fail to establish a genuine issue of material fact. Accordingly, we conclude that the trial court did not commit an error of law or abuse its discretion when it granted U.S. Bank's motion for summary judgment.

     Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2021