J-A25018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2005-AR4 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| G. LINTON SHEPPARD, JUDITH A. SHEPPARD AND WENDY LYNNE SHEPPARD | |
| Appellant | No. 2997 EDA 2014 |

Appeal from the Judgment Entered September 11, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2012-05497

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 22, 2015**

Appellants, G. Linton Sheppard, Judith A. Sheppard, and Wendy Lynne Sheppard, appeal *pro se* from the September 11, 2014 *in rem* judgment entered in favor of Appellee, U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR4 (U.S. Bank), pursuant to the order granting U.S. Bank's motion for summary judgment in its action for mortgage foreclosure.  After careful review, we affirm.

The relevant procedural history of this case, as gleaned from the certified record, is as follows.  On February 29, 2012, U.S. Bank filed a

_____

[*] Former Justice specially assigned to the Superior Court.

complaint in mortgage foreclosure on a property located at 2256 Washington Lane, Huntingdon Valley, Pennsylvania 19006, for a sum of $989,021.88, against Appellants, G. Linton and Judith Sheppard.[1]  U.S. Bank amended said complaint on January 8, 2013, naming Appellant, Wendy Lynne Sheppard, as an additional defendant.  U.S. Bank's Amended Complaint, 1/8/13, at ¶ 2.  U.S. Bank's amended complaint asserted the following.

> 4.  On or about April 25, 2005, G[.] LINTON SHEPPARD and JUDITH A. SHEPPARD made, executed and delivered to WELLS FARGO BANK, N.A. a Mortgage in the original principal amount of $787,500.00 on the premises described in the legal description marked Exhibit "B", attached hereto and made a part hereof.  Said Mortgage being recorded in the Office of the Recorder of MONTGOMERY County in Book 11457, Page 0123.  The mortgage is a matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff from its obligation to attach documents to pleadings if those documents are of public record.  …
>
> 5.  Plaintiff is the current Mortgagee.  By Assignment of Mortgage recorded July 7, 2010, the mortgage was assigned to US BANK NATIONAL ASSOCIATION, AS TRUSTEE ON BEHALF OF GSR MORTGAGE LOAN TRUST 2005-AR4 which Assignment is recorded in the Office of the Recorder of MONTGOMERY County in Book 12866, Page 00018.  The Assignment is a

---

[1] We note Appellants filed several objections to U.S. Bank's service of the complaint.  On November 16, 2012 a hearing was held, and U.S. Bank's original service was stricken, and U.S. Bank was directed to personally serve Appellants.  Thereafter, on November 20, 2012, U.S. Bank filed a "Praecipe to Reinstate Civil Action/Mortgage Foreclosure."  U.S. Bank personally served Appellants, G. Linton Sheppard and Judith A. Sheppard, on November 23, 2012.

matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff from its obligation to attach document to pleadings if those documents are of public record. …

6.    Defendant Wendy Lynne Sheppard has been made a party to the instant action pursuant to a Deed recorded on March 15, 2012, at the Office of the Recorder of Montgomery County in Book 5830, Page 0040.  The Deed is a matter of public record and is incorporated by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff from its obligation to attach documents to pleading if those documents are of public record.

*Id.* at ¶¶ 4-6.[2]

On February 11, 2013, Appellants filed preliminary objections to U.S. Bank's complaint, and on March 4, 2013, U.S. Bank filed its response.[3]  On April 23, 2013, the trial court overruled Appellants' preliminary objections and ordered Appellants to file an answer to the complaint within 20 days. Thereafter, on May 10, 2013, Appellants filed a motion for reconsideration, which was denied by the trial court on May 21, 2013.  On June 10, 2013,

---

[2] Despite noting they were not obligated to attach the subject mortgage, U.S. Bank attached a copy of the mortgage attached to its complaint as an exhibit.  The copy of the mortgage did not include an indorsement.

[3] U.S. Bank attached a copy of the indorsed mortgage to its response.  U.S. Bank's Response to Preliminary Objections, 3/4/13, at Exhibit A.

Appellants filed an answer and new matter. On June 26, 2013, as amended on July 9, 2013, U.S. Bank filed a reply to Appellants' new matter.[4]

Subsequently, on July 8, 2014, U.S. Bank filed a motion for summary judgment. On August 18, 2014, Appellants filed a Verified Opposition/Objection to Motion for Summary Judgment. On September 11, 2014, the trial court granted U.S. Bank summary judgment and an *in rem* judgment in the amount of $1,153,370.32 plus interest from June 12, 2014, against Appellants. On September 19, 2014, Appellants filed an objection, and on September 25, 2014, a motion for reconsideration, which were denied by the trial court on October 2, 2014.

On October 7, 2014, Appellants filed a timely appeal. On October 8, 2014, the trial court ordered Appellants to file, within 21 days, a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). Said statement noted "[a]ny issues not properly included in the concise statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Trial Court Order, 10/8/14. On October 29, 2014, Appellants filed a 12 page statement of errors listing 9 issues, the last of which contained 35 sub-issues. Appellants' Rule 1925(b) Statement, 10/29/14.

_____

[4] U.S. Bank attached a mortgage assignment dated September 18, 2012, assigning the subject mortgage from Wells Fargo to U.S. Bank. U.S. Bank's Amended Reply to Appellants' New Matter, 7/9/13, at Exhibit D.

On appeal, Appellants raise the following multi-part issue for our review.

    I. Did the lower court commit an error of law and abuse its discretion when it did not consider the cumulative effect of all of the following errors, thereby depriving [Appellants] of their due process rights and their right to a hearing?

    A. [U.S. Bank] was not the owner of the obligation upon filing the complaint and therefore did not have standing to sue[.]

    B. [U.S. Bank] did not have standing to sue due to two identical Assignments of Mortgage, executed two years apart[.]

    C. [U.S. Bank] was not the Real Party in Interest[.]

    D. [U.S. Bank] did not have standing as the chain of title of the mortgage and the note has not been specifically traced[.]

    E. [U.S. Bank] did not have standing when the mortgage was purportedly assigned into the Trust five (5) or seven (7) years *after* the Appellee Trust closed[.]

    F. The blank indorsement argument was improperly used to grant summary judgment when the Trust documents require that the note be specially indorsed[.]

    G. The [trial] court improperly granted summary judgment when none of the "evidence" provided by [U.S. Bank] was authenticated and therefore summary judgment should have been denied[.]

    H. The [trial] court granted summary judgment when discovery and a subpoena *duces tecum* were still outstanding[.]

I. Oral arguments were not granted when specifically requested[.]

J. Appellants were not given an opportunity to respond to [U.S. Bank]'s supplemental brief in support of summary judgment[.]

K. The [trial court] mischaracterizes Appellants statement of errors as a "concise" statement[.]

L. The [trial court] improperly moved this [C]ourt to affirm [its] decision[.]

M. U.S. Bank has come to the court with unclean hands[.]

Appellants' Brief at 3-4.

Before addressing the merits of Appellants' claims we first address Appellants' issue K arguing the trial court mischaracterizes Appellants' statement of errors as concise. *Id.* at 53. Appellants argue that its "Statement of Errors (or Concise Statement as the Judge insisted on calling it) conformed to Pa.R.A.P. § 1925(b)(4)(vi)." *Id.*

Contrary to Appellants' claim, Pennsylvania Rule of Appellate Procedure 1925(b) requires Rule 1925(b) statements to "**concisely** identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). Further, "[t]he Statement should not be redundant or provide lengthy explanations as to any error." *Id.* at 1925(b)(4)(iv). Any issue not raised in accordance with Rule 1925(b)(4) is waived. *Id.* at

1925(b)(4)(vii). Our Supreme Court has clarified that Rule 1925(b) is a bright-line rule. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

> We caution Appellant that this Court has found claims waived on appeal for failure to specify the error alleged. ***See Commonwealth v. Rolan***, 964 A.2d 398, 409–10 (Pa. Super. 2008); ***see also Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) ("[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised.") (citation and internal quotation marks omitted). [] [H]owever, Pa.R.A.P. 1925(b)(4)(v) provides that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court[.]"

***Commonwealth v. Garvin***, 50 A.3d 694, 697 n.5 (Pa. Super. 2012).[5]

Instantly, Appellants' Rule 1925(b) statement is 12 pages long, and oftentimes redundant. The trial court in its Rule 1925(a) opinion acknowledged the excessive length of the statement, but noted that it would address the issues raised to the extent possible. Trial Court Opinion, 12/23/14 at 3. As the trial court has addressed the majority of Appellants' issues, we decline to fine waiver.

---

[5] We note "[s]ince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." ***Lineberger v. Wyeth***, 894 A.2d 141, 148 n.4 (Pa. Super. 2006), *citing* ***Kanter v. Epstein***, 866 A.2d 394, 400 n.6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005).

Additionally, upon review of Appellants' brief, issues J and L are not developed. Appellate briefs must conform to the Rules of Appellate Procedure. Pa.R.A.P. 2101. Rule 2119 requires that the "argument shall be divided into as many parts as there are questions to be argued" and include "such discussion and citation of authorities as are deemed pertinent." *Id.* at 2119(a). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Umbelina v. Adams**, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012), *quoting* **In re W.H.**, 25 A.3d 330, 339 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011); **see also** Pa.R.A.P. 2119(a). Further, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011). Further, while this Court will construe *pro se* materials liberally, "*pro se* status confers no special benefit on an appellant." **Id.** at 1211-1212. As Appellants have failed to develop issues J and L, these issues are waived.

We turn now to the remaining issues Appellants raise. Appellants' first six issues, issues A through F, argue various bases on which they assert that U.S. Bank did not have standing in this matter. Appellants' Brief at 4.

We begin by noting our standard and scope of review.

> We review an order granting summary judgment for an abuse of discretion. **Indalex, Inc.**

> **v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA**, 83 A.3d 418, 420 (Pa. Super. 2013). Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. **Id.** A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. 1035.3.

> The holder of a mortgage has the right, upon default, to bring a foreclosure action. **Cunningham v. McWilliams**, 714 A.2d 1054, 1056–57 (Pa. Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. **Id.**

**Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 464-465 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015).

In this appeal, Appellants argue that U.S. Bank does not have standing because (1) there are two identical assignments of the mortgage, (2) U.S. Bank was not a real party in interest, (3) there are defects in the chain of title, (4) the mortgage was purportedly assigned to a trust that closed, (5) the indorsement was blank when the trust documents require the note be specially indorsed, and (6) the evidence used to establish summary judgment was not properly authenticated. Appellants' Brief at 4. Assuming *arguendo* there is a defect in the chain of assignment, we conclude that any

purported defects in the chain of assignment do not prevent U.S. Bank from enforcing the note because it is undisputed that U.S. Bank is the current holder of the original note that has been specially indorsed. In ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1268 (Pa. Super. 2013), this Court concluded that under the Pennsylvania Uniform Commercial Code (PUCC), 13 Pa.C.S.A. §§ 1101-9809, the note securing a mortgage is a negotiable instrument. ***Id.*** at 1265, *citing* 13 Pa.C.S.A. § 3104. The PUCC states that a person entitled to enforce an instrument includes the following.

### § 3301. Person entitled to enforce instrument

"Person entitled to enforce" an instrument means:

> (1) the holder of the instrument;
>
> (2) a nonholder in possession of the instrument who has the rights of a holder; or
>
> (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3309 (relating to enforcement of lost, destroyed or stolen instrument) or 3418(d) (relating to payment or acceptance by mistake).

13 Pa.C.S.A. § 3301. Significantly, Section 3301 also provides that "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." ***Id.*** Thus, applying the PUCC, this Court has held that if a mortgagee can "establish that it holds the original Note, and that it is indorsed in blank [or specially indorsed], under the [PUCC] it will be entitled

to enforce the Note [as a negotiable instrument] … even if there remain questions as to the chain of possession of the [n]ote from the time of its making to its arrival in [a]ppellee's figurative hands." **Murray**, **supra** at 1268, *citing* 13 Pa.C.S.A. § 3109(a). Accordingly, if U.S. Bank can establish both that it was (1) the holder in due course of the original note, and (2) the note is indorsed in blank or specially indorsed, it is entitled to enforce the note regardless of the alleged deficiencies in the assignments. **See id.**

A "holder in due course" of a negotiable instrument is defined by the PUCC as the holder of an instrument if "the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity[,]" and "the holder took the instrument … for value … [and] in good faith." 13 Pa.C.S.A. § 3302(a)(1)-(2). Regarding indorsement, the PUCC provides as follows.

> **§ 3205. Special indorsement; blank indorsement; anomalous indorsement**
>
> **(a) Special indorsement.--**If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in section 3110 (relating to identification of person to whom instrument is payable) apply to special indorsements.

**(b) Blank indorsement.--**If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

…

*Id.* § 3205.

Here, there is no genuine issue of material fact that U.S. Bank is the current holder of the original note and the note is specially indorsed to Wells Fargo. U.S. Bank's Motion for Summary Judgment, 7/8/14, at Ex. A1 ("Adjustable Rate Note"). The note contains the following indorsement.

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.
By [signature of Joan M. Mills]
        Joan M. Mills, Vice President

*Id.* Additionally, the assignment of the mortgage from Wells Fargo to U.S. Bank states Wells Fargo "does hereby grant, sell, assign, transfer, and convey, unto [U.S. Bank] … a certain Mortgage dated 04/25/05 and recorded 05/05/2005, … in favor of Wells Fargo Bank, N.A. … together with the note(s) and obligations therein described[.]" *Id.* at Ex. A2 ("Assignment of Mortgage"). U.S. Bank, as the successor in interest to Wells Fargo Bank N.A., is the current holder of the specially indorsed note. Therefore, U.S. Bank is entitled to enforce the note despite any alleged deficiencies in the chain of assignments of the mortgage, and Appellants' assertion that the

assignment was defective does not raise a genuine issue of material fact. *See* 13 Pa.C.S.A. § 3301; *Murray*, *supra*.

Further, the Pennsylvania Rules of Civil Procedure mandate that "all actions shall be prosecuted by and in the name of the real party in interest[.]" Pa.R.C.P. 2002. This Court has repeatedly held that the mortgagee is the real party in interest in a foreclosure action. *Wells Fargo Bank N.A. v. Lupori*, 8 A.3d 919, 922 n.3 (Pa. Super. 2010) (noting "[w]e observe that the mortgagee is the real party in interest in a foreclosure action[]"); *see also PHH Mortgage Corp. v. Powell*, 100 A.3d 611, 219 (Pa. 2014) (holding "[t]his Court has held that the mortgagee is the real party in interest in a foreclosure action[]"). In support of its motion for summary judgment, U.S. Bank in its *prima facie* case asserted it is the mortgagee of record through assignment by Wells Fargo of the original mortgage. U.S. Bank's Motion for Summary Judgment, 7/8/14, at ¶ 4. Therefore, Appellants' first six issues challenging U.S. Bank's standing are without merit.[6]

_____

[6] In issue E, Appellants argue that the "mortgage was purportedly assigned to the Trust five (5) or seven (7) years after the Trust closed[.]" Appellants' Brief at 31. However, Appellants concede the Trust can acquire assets after closing if "tax counsel has reviewed and approved the acceptance and that such acceptance will not affect the [Real Estate Mortgage Investment Conduit] (REMIC)'s status[.]" *Id.* at 33. Appellant has failed in its Opposition/Objection to U.S. Bank' Motion for Summary to Judgment to provide any evidence that said mortgage was not accepted by the Trust. Accordingly, the trial court was not precluded from granting summary
*(Footnote Continued Next Page)*

Next, in issue G, Appellants argue summary judgment was improper because "all of U.S. Bank's paper work has been 'verified' by a non-party to this litigation with no authority provided by U.S. Bank to make verifications[.]" Appellants' Brief at 39. Verification is guided by the following statute.

**Rule 1024. Verification**

(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

…

(b) If a pleading contains averments which are inconsistent in fact, the verification shall state that the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that the signer has knowledge or information sufficient to form a belief that one of them is true.

(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

judgment as there was no genuine issue of material fact. ***See Gibson***, ***supra***.

the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa.R.C.P. 1024.

In its motion for summary judgment, U.S. Bank provided the affidavit of Matthew McKeown, Vice President of Loan Documentation. U.S. Bank Motion for Summary Judgment, 7/8/14, at Exhibit B. The affidavit provides that Mr. McKeown is the "mortgage serving agent for [U.S. Bank] in the within matter." *Id.* at ¶ 1. The affidavit states that the note has been duly indorsed, Appellants have failed to make payments on their mortgage since July 1, 2009 resulting in default, and Appellants have failed to cure the default. *Id.* at ¶¶ 3, 5, 7. Appellants fail to assert on what basis Mr. McKeown is disqualified from making verifications on behalf of U.S. Bank. Rather, Appellants revert back to the same argument made in the preceding six issues arguing "since we know that U.S. Bank is not involved in this litigation and they are not the owner of the note at the inception of the case *sub judice*, there is no evidence in the record giving U.S. Bank authority to act on anyone else's behalf." Appellants' Brief at 39-40. For all the reasons set forth above, Appellants' argument fails.

In its next issue, Issue H, Appellants argue that they requested to inspect the note, and that U.S. Bank "never notified [Appellants] that the

collateral file had been obtained for [Appellants'] inspection." ***Id.*** at 45. Nevertheless, Appellants acknowledge U.S. Bank notified them that "counsel has requested that the Original Note be sent to its office so it can be inspected by [Appellants] upon appointment." Appellants' Brief at 44. However, by Appellants' own admission, "[Appellants] concede that counsel did not state they would contact [Appellants] when the note was received, but what were [Appellants] to do? Contact counsel every single day from the date they received the communication to see if the purported original note had been received?" ***Id.*** Appellants' inaction does not equate to discovery being open. Thus, this issue fails.

Next, in Issue I, Appellants assert that oral arguments were not granted when specifically requested. Appellants' Brief at 48. In support of this averment Appellants cite Montgomery County Local Rule of Civil Procedure 1035.2(a)(3) which states "[i]f oral argument was requested by either party on either of their respective cover sheets or the argument Praecipe, the matter shall be scheduled for argument." ***Id.***

In its Rule 1925(a) opinion in response to Appellants' issue as framed in its Rule 1925(b) statement, the trial court noted the following.

> [Appellants] claim the Motion was granted without oral argument despite [Appellants] request for same and thus constituted a violation of due process. Further, such denial allegedly violated the Pennsylvania Rules of Civil Procedure, and, Montgomery County Local Rules of Civil Procedure ("the Local Rules") at Local Rule 1035.2(a)(3). The Pennsylvania Rules of Civil Procedure, at Pa.R.C.P.

- 16 -

1035.2, do[] not include a provision for oral argument and therefore there is no basis for [Appellants] claim under the Pennsylvania Rules of Civil Procedure.

The Local Rules allow for oral argument if requested by either party on their respective cover sheets and attached to the motion or response, or by separately filed argument praecipe. Local Rule 1035.2(a)(3). [U.S. Bank's] form cover sheet attached to the Motion checked the box indicating no argument requested. [Appellants] Response to the Motion did not include a cover sheet. [Appellants'] claimed error is without merit.

Further, as the Superior Court explained in a decision involving a mortgage foreclosure appeal, appellants are "not entitled to any particular advantage because [they] lack legal training. As our Supreme Court has explained, any lay person choosing to represent [themselves] in a legal proceeding must, to some reasonable extent, assume the risk that [their] lack of expertise and legal training will prove [their] undoing." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) (*citations omitted*).

Trial Court Opinion, 12/23/14, at 5-6 (footnotes omitted).

In their appellate brief, Appellants now claim they "*clearly* requested oral arguments on the cover page of their Opposition/Objection, contrary to" the trial court's claim in its opinion.[7] Appellants' Brief at 49. Nevertheless, by their own admission Appellants acknowledge they did not include a cover page, but "[t]hat front page, the 'cover' page, was stamped with a lower

_____

[7] The caption to Appellants' Verified Opposition/Objection to Motion for Summary Judgment does include the words "Oral Argument Requested" in the upper right hand corner.

court clerk's sticker indicating it was the first page of the pleading[.]" *Id.* Montgomery County Local Rule 1035.2(a)(2) requires "an answer from the adverse parties motion for summary judgment is required … along with[] a cover sheet in the form set forth in Rule 205.2(b)[.]" Montgomery Cty.R.C.P. 1035.2(a)(2). Local Rule 205.2(b) states, "[t]he Cover Sheets required by Rule 208.3(b), 1028(c), 1034(a) and 1035.2(a) shall be as follows[,]" and then provides a .pdf link to the required cover sheet. *Id.* at 205.2(b). Appellants completely failed to file a cover sheet in accordance with Rule 205.2(b), and therefore, their claim that oral argument was not granted is meritless for failure to comply with procedures necessary to request argument. Moreover, we note that Appellants were aware of, and had correctly complied with Rule 205.2(b) by using the mandated cover sheet on prior filings in this matter. *See* Appellants' Preliminary Objections to Complaint in Mortgage Foreclosure, 2/11/13, at Cover Sheet; Appellants' Motion to Strike U.S. Bank's Affidavit in Support of Its Motion for Summary Judgment Pursuant to 225 Pa.R.E. 104 and 12 P.S. 514, 8/11/14, at Cover Sheet. Because Appellants failed to include a cover sheet on the Verified Opposition/Objection to Motion for Summary Judgment, Appellants' Issue I fails.

Finally, in Issue M, Appellants baldly assert that "U.S. Bank has come to the court with unclean hands and, as a result, is not entitled to equitable relief." Appellants' Brief at 54. Appellants base their reasoning on the

notion that U.S. Bank "did not have possession or ownership of the note at the inception of the lawsuit and therefore, the Assignments of the Mortgage are void *ab initio* … U.S. Bank is not a real party in interest … [and] the chain of title of the mortgage and note is broken[.]" **Id.** at 55. For all the reasons discussed *supra*, Appellants issue is meritless.

Based on the foregoing, we conclude Appellants' issues are waived or devoid of merit and the trial court did not abuse its discretion or err as a matter of law in awarding summary judgment to U.S. Bank. **See Gibson**, **supra**. Accordingly, we affirm the trial court's September 11, 2014 judgment.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2015